1   MORGAN, LEWIS & BOCKIUS LLP
    ERIC MECKLEY, State Bar 168181
2   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
3   Tel: 415.442.1000
    Fax: 415.442.1001
4   emeckley@morganlewis.com

5   Attorneys for Defendants
    ARAMARK SPORTS, LLC (erroneously sued as
6   ARAMARK Sports and Entertainment), YING KEE
    McVICKER, and MATTHEW LEE
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  MARK ANTOINE FOSTER,                    Case  C-08-00733 JL

12              Plaintiff,            **DEFENDANTS' ANSWER TO
                                      PLAINTIFF'S AMENDED COMPLAINT**
13          vs.

14  ARAMARK SPORTS &
    ENTERTAINMENT, Ying Kee McVicker,
15  an individual, Matthew Lee, an individual,
    and DOES 1 Through 51,
16
                Defendants.
17

18

19       Defendants ARAMARK Sports, LLC (erroneously sued as ARAMARK Sports and

20  Entertainment) (hereinafter referred to as "ARAMARK"), Ying Kee McVicker, and Matthew Lee

21  (hereinafter referred to together as "Defendants") hereby answer the UnverifiedAmended

22  Complaint (the "Complaint") of Plaintiff Mark Antoine Foster ("Plaintiff").  Defendants admit,

23  deny and otherwise respond to each paragraph contained in Plaintiff's Complaint as follows:

24       Responding to the first unnumbered paragraph under the heading "INTRODUCTION,"

25  Defendants deny each and every allegation contained in this paragraph.

26       1.   Responding to Paragraph 1 under the heading "PARTIES," Defendants deny that

27  Plaintiff was employed by ARAMARK Sports and Entertainment.  Defendants admit Plaintiff

28  worked for ARAMARK Sports, LLC, located in the Carnelian Room, 555 California Street, San

1    Francisco, California.

2        2.    Responding to Paragraph 2 under the heading "PARTIES," Defendants deny each

3    and every remaining allegation contained in this paragraph.

4        3.    Responding to Paragraph 3 under the heading "PARTIES," Defendants admit that at

5    the time of the alleged wrongdoing, Defendants McVicker and Lee were employed by Defendant

6    ARAMARK Sports, LLC.  Defendants deny each and every remaining allegation contained in

7    this paragraph.

8        4.    Responding to Paragraph 4 under the heading "JURISDICTION AND VENUE,"

9    Defendants admit that the acts complained of allegedly occurred in San Francisco County.

10   Defendants deny each and every remaining allegation contained in this paragraph.

11       5.    Responding to Paragraph 5 under the heading "JURISDICTION AND VENUE,"

12   Defendants deny each and every allegation contained in this paragraph.

13       6.    Responding to Paragraph 6 under the heading "JURISDICTION AND VENUE,"

14   Defendants admit that Plaintiff filed a charge with the Department of Fair Employment and

15   Housing on or after March 22, 2006 and that a right-to-sue letter was issued on or after April 20,

16   2006.  Defendants deny each and every remaining allegation contained in this paragraph.

17       7.    Responding to Paragraph 7 under the heading "JURISDICTION AND VENUE,"

18   Defendants are without sufficient knowledge or information as to the truth of the allegations

19   contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

20       8.    Responding to Paragraph 8 under the heading "FIRST CAUSE OF ACTION,"

21   Defendants deny each and every allegation contained in this paragraph.

22       9.    Responding to Paragraph 9 under the heading "FIRST CAUSE OF ACTION,"

23   Defendants deny each and every allegation contained in this paragraph.

24       10.   Responding to Paragraph 10 under the heading "FIRST CAUSE OF ACTION,"

25   Defendants admit that Plaintiff and Defendant Ying Kee McVicker were in a consensual

26   relationship prior to and during a portion of Plaintiff's employment at the Carnelian Room.

27   Defendants are without sufficient knowledge or information as to the truth of the remaining

28   allegations contained in this paragraph, and on that basis deny each and every remaining

1    allegation in this paragraph.

2        11. Responding to Paragraph 11 under the heading "FIRST CAUSE OF ACTION,"

3    Defendants admit that Defendant McVicker began her employment with Defendant ARAMARK

4    as a sous chef on the morning shift. Defendants admit that Defendant McVicker initially told

5    Plaintiff about the availability of employment at Defendant ARAMARK. Defendants deny each

6    and every remaining allegation in this paragraph.

7        12. Responding to Paragraph 12 under the heading "FIRST CAUSE OF ACTION,"

8    Defendants deny each and every allegation contained in this paragraph.

9        13. Responding to Paragraph 13 under the heading "FIRST CAUSE OF ACTION,"

10    Defendants admit that Defendant McVicker was Plaintiff's supervisor for a portion of Plaintiff's

11    employment with Defendant ARAMARK. Defendants deny each and every remaining allegation

12    contained in this paragraph.

13        14. Responding to Paragraph 14 under the heading "FIRST CAUSE OF ACTION,"

14    Defendants deny each and every allegation contained in this paragraph.

15        15. Responding to Paragraph 15 under the heading "FIRST CAUSE OF ACTION,"

16    Defendants deny each and every allegation contained in this paragraph.

17        16. Responding to Paragraph 16 under the heading "FIRST CAUSE OF ACTION,"

18    Defendants deny each and every allegation contained in this paragraph.

19        17. Responding to Paragraph 17 under the heading "FIRST CAUSE OF ACTION,"

20    Defendants deny each and every allegation contained in this paragraph.

21        18. Responding to Paragraph 18 under the heading "FIRST CAUSE OF ACTION,"

22    Defendants admit that Plaintiff was scheduled to work on February 18, 2006. Defendants admit

23    that Defendant Lee initially drafted a proposed warning notice to Plaintiff that stated "Mark is

24    scheduled to work on 2/18/06 and refuses. He says he has other plans." Defendants deny each

25    and every remaining allegation contained in this paragraph

26        19. Responding to Paragraph 19 under the heading "FIRST CAUSE OF ACTION,"

27    Defendants admit that Plaintiff voluntarily requested and took a leave of absence beginning on or

28    around March 30, 2006, which Defendant ARAMARK authorized. Defendants deny each and

C-08-00733 JL

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1    every remaining allegation contained in this paragraph

2        20.  Responding to Paragraph 20 under the heading "FIRST CAUSE OF ACTION,"

3    Defendants admit that Plaintiff was scheduled to return to work at Defendant ARAMARK on

4    June 15, 2006, but did not return.  Defendants deny each and every remaining allegation

5    contained in this paragraph.

6        21.  Responding to Paragraph 21 under the heading "FIRST CAUSE OF ACTION,"

7    Defendants are without sufficient knowledge or information as to the truth of the allegations

8    contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

9        22.  Responding to Paragraph 22 under the heading "FIRST CAUSE OF ACTION,"

10   Defendants deny each and every allegation contained in this paragraph.

11       23.  Responding to Paragraph 23 under the heading "SECOND CAUSE OF ACTION,"

12   Defendants deny each and every allegation contained in this paragraph

13       24.  Responding to Paragraph 24 under the heading "SECOND CAUSE OF ACTION,"

14   Defendants deny each and every allegation contained in this paragraph

15       25.  Responding to Paragraph 25 under the heading "SECOND CAUSE OF ACTION,"

16   Defendants deny each and every allegation contained in this paragraph

17       26.  Responding to Paragraph 26 under the heading "SECOND CAUSE OF ACTION,"

18   Defendants admit that Plaintiff contacted the ARAMARK Employment Hotline on one occasion.

19   Defendants deny each and every remaining allegation contained in this paragraph

20       27.  Responding to Paragraph 27 under the heading "SECOND CAUSE OF ACTION,"

21   Defendants each and every allegation in this paragraph.

22       28.  Responding to Paragraph 28 under the heading "SECOND CAUSE OF ACTION,"

23   Defendants deny each and every allegation contained in this paragraph.

24       29.  Responding to Paragraph 29 under the heading "SECOND CAUSE OF ACTION,"

25   Defendants deny each and every allegation contained in this paragraph.

26       30.  Responding to Paragraph 30 under the heading "SECOND CAUSE OF ACTION,"

27   Defendants deny each and every allegation contained in this paragraph.

28       31.  Responding to Paragraph 31 under the heading "SECOND CAUSE OF ACTION,"

C-08-00733 JL

1 | Defendants deny each and every allegation contained in this paragraph.

2 | 32. Responding to Paragraph 32 under the heading "SECOND CAUSE OF ACTION,"

3 | Defendants deny each and every allegation contained in this paragraph.

4 | 33. Responding to Paragraph 33 under the heading "SECOND CAUSE OF ACTION,"

5 | Defendants deny each and every allegation contained in this paragraph.

6 | 34. Responding to Paragraph 34 under the heading "THIRD CAUSE OF ACTION,"

7 | Defendants deny each and every allegation contained in this paragraph.

8 | 35. Responding to Paragraph 35 under the heading "THIRD CAUSE OF ACTION,"

9 | Defendants deny each and every allegation contained in this paragraph.

10 | 36. Responding to Paragraph 36 under the heading "THIRD CAUSE OF ACTION,"

11 | Defendants admit each and every allegation contained in this paragraph.

12 | 37. Responding to Paragraph 37 under the heading "THIRD CAUSE OF ACTION,"

13 | Defendants deny each and every allegation contained in this paragraph.

14 | 38. Responding to Paragraph 38 under the heading "THIRD CAUSE OF ACTION,"

15 | Defendants deny each and every allegation contained in this paragraph.

16 | 39. Responding to Paragraph 39 under the heading "THIRD CAUSE OF ACTION,"

17 | Defendants deny each and every allegation contained in this paragraph.

18 | 40. Responding to Paragraph 40 under the heading "FOURTH CAUSE OF ACTION,"

19 | Defendants deny each and every allegation contained in this paragraph.

20 | 41. Responding to Paragraph 41 under the heading "FOURTH CAUSE OF ACTION,"

21 | Defendants deny each and every allegation contained in this paragraph.

22 | 42. Responding to Paragraph 42 under the heading "FOURTH CAUSE OF ACTION,"

23 | Defendants deny each and every allegation contained in this paragraph.

24 | 43. Responding to Paragraph 43 under the heading "FOURTH CAUSE OF ACTION,"

25 | Defendants deny each and every allegation contained in this paragraph.

26 | 44. Responding to Paragraph 44 under the heading "FIFTH CAUSE OF ACTION,"

27 | Defendants deny each and every allegation contained in this paragraph.

28 | 45. Responding to Paragraph 45 under the heading "FIFTH CAUSE OF ACTION,"

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

C-08-00733 JL

1    Defendants deny each and every allegation contained in this paragraph.

2        46.  Responding to Paragraph 46 under the heading "FIFTH CAUSE OF ACTION,"

3    Defendants deny each and every allegation contained in this paragraph.

4        47.  Responding to Paragraph 47 under the heading "FIFTH CAUSE OF ACTION,"

5    Defendants deny each and every allegation contained in this paragraph.

6        48.  Responding to Paragraph 48 under the heading "FIFTH CAUSE OF ACTION,"

7    Defendants deny each and every allegation contained in this paragraph.

8        49.  Responding to Paragraph 49 under the heading "FIFTH CAUSE OF ACTION,"

9    Defendants deny each and every allegation contained in this paragraph.

10        50.  Responding to Paragraph 50 under the heading "FIFTH CAUSE OF ACTION,"

11    Defendants deny each and every allegation contained in this paragraph.

12        51.  Responding to Paragraph 51 under the heading "SIXTH CAUSE OF ACTION,"

13    Defendants deny each and every allegation contained in this paragraph.

14        52.  Responding to Paragraph 52 under the heading "SIXTH CAUSE OF ACTION,"

15    Defendants deny each and every allegation contained in this paragraph.

16        53.  Responding to Paragraph 53 under the heading "SIXTH CAUSE OF ACTION,"

17    Defendants deny each and every allegation contained in this paragraph.

18        54.  Responding to Paragraph 54 under the heading "SIXTH CAUSE OF ACTION,"

19    Defendants deny each and every allegation contained in this paragraph.

20        55.  Responding to Paragraph 55 under the heading "SIXTH CAUSE OF ACTION,"

21    Defendants admit that Plaintiff requested a leave of absence from Defendant ARAMARK on or

22    around March 28, 2006.  Defendants admit that Plaintiff took a leave of absence from Defendant

23    ARAMARK on or around March 30, 2006.  Defendants deny each and every remaining

24    allegation contained in this paragraph.

25        56.  Responding to Paragraph 56 under the heading "SIXTH CAUSE OF ACTION,"

26    Defendants admit that Defendant ARAMARK approved Plaintiff's request for a leave of absence.

27    Defendants admit that Plaintiff signed an agreement stating that he would return to work on

28    June 15, 2006.  Defendants deny each and every remaining allegation contained in this paragraph.

C-08-00733 JL

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1    57.  Responding to Paragraph 57 under the heading "SIXTH CAUSE OF ACTION,"

2    Defendants are without sufficient knowledge or information as to the truth of the allegations

3    contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

4    58.  Responding to Paragraph 58 under the heading "SIXTH CAUSE OF ACTION,"

5    Defendants are without sufficient knowledge or information as to the truth of the allegations

6    contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

7    59.  Responding to Paragraph 59 under the heading "SIXTH CAUSE OF ACTION,"

8    Defendants admit that Plaintiff was scheduled to return to work at Defendant ARAMARK on

9    June 15, 2006, but did not return.  Defendants deny each and every remaining allegation

10   contained in this paragraph.

11   60.  Responding to Paragraph 60 under the heading "SIXTH CAUSE OF ACTION,"

12   Defendants admit that Chef Tim Miller called Plaintiff prior to Plaintiff's scheduled return-to-

13   work date of June 15, 2006.  Defendants deny each and every remaining allegation in this

14   paragraph.

15   61.  Responding to Paragraph 61 under the heading "SIXTH CAUSE OF ACTION,"

16   Defendants deny each and every allegation contained in this paragraph.

17   62.  Responding to Paragraph 62 under the heading "SIXTH CAUSE OF ACTION,"

18   Defendants deny each and every allegation contained in this paragraph.

19   63.  Responding to Paragraph 63 under the heading "SIXTH CAUSE OF ACTION,"

20   Defendants deny each and every allegation contained in this paragraph.

21   64.  Responding to Paragraph 64 under the heading "SIXTH CAUSE OF ACTION,"

22   Defendants deny each and every allegation contained in this paragraph.

23   65.  Responding to Paragraph 65 under the heading "SIXTH CAUSE OF ACTION,"

24   Defendants deny each and every allegation contained in this paragraph.

25   66.  Responding to Paragraph 66 under the heading "SIXTH CAUSE OF ACTION,"

26   Defendants deny each and every allegation contained in this paragraph.

27   67.  Responding to Paragraph 67 under the heading "SIXTH CAUSE OF ACTION,"

28   Defendants deny each and every allegation contained in this paragraph.

C-08-00733 JL

1    68.  Responding to Paragraph 68 under the heading "SIXTH CAUSE OF ACTION,"

2    Defendants deny each and every allegation contained in this paragraph.

3    69.  Responding to Paragraph 69 under the heading "SIXTH CAUSE OF ACTION,"

4    Defendants deny each and every allegation contained in this paragraph.

5    70.  Responding to Paragraph 70 under the heading "SIXTH CAUSE OF ACTION,"

6    Defendants deny each and every allegation contained in this paragraph.

7    71.  Responding to Paragraph 71 under the heading "SIXTH CAUSE OF ACTION,"

8    Defendants deny each and every allegation contained in this paragraph.

9    72.  Responding to Paragraph 72 under the heading "SEVENTH CAUSE OF ACTION,"

10   Defendants deny each and every allegation contained in this paragraph.

11   73.  Responding to Paragraph 73 under the heading "SEVENTH CAUSE OF ACTION,"

12   Defendants admit each and every allegation contained in this paragraph.

13   74.  Responding to Paragraph 74 under the heading "SEVENTH CAUSE OF ACTION,"

14   Defendants deny each and every allegation contained in this paragraph.

15   75.  Responding to Paragraph 75 under the heading "SEVENTH CAUSE OF ACTION,"

16   Defendants deny each and every allegation contained in this paragraph.

17   76.  Responding to Paragraph 76 under the heading "SEVENTH CAUSE OF ACTION,"

18   Defendants deny each and every allegation contained in this paragraph.

19   77.  Responding to Paragraph 77 under the heading "SEVENTH CAUSE OF ACTION,"

20   Defendants admit that Plaintiff requested a leave of absence from Defendant ARAMARK on or

21   around March 28, 2006.  Defendants admit that Plaintiff took a leave of absence from Defendant

22   ARAMARK on or around March 30, 2006.  Defendants deny each and every remaining

23   allegation contained in this paragraph.

24   78.  Responding to Paragraph 78 under the heading "SEVENTH CAUSE OF ACTION,"

25   Defendants admit that Defendant ARAMARK approved Plaintiff's request for a leave of absence.

26   Defendants admit that Plaintiff signed an agreement stating that he would return to work on June

27   15, 2006.  Defendants deny each and every remaining allegation contained in this paragraph.

28   79.  Responding to Paragraph 79 under the heading "SEVENTH CAUSE OF ACTION,"

C-08-00733 JL

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1    Defendants are without sufficient knowledge or information as to the truth of the allegations

2    contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

3         80.   Responding to Paragraph 80 under the heading "SEVENTH CAUSE OF ACTION,"

4    Defendants are without sufficient knowledge or information as to the truth of the allegations

5    contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

6         81.   Responding to Paragraph 81 under the heading "SEVENTH CAUSE OF ACTION,"

7    Defendants admit that Plaintiff was scheduled to return to work at Defendant ARAMARK on

8    June 15, 2006, but did not return.  Defendants deny each and every remaining allegation

9    contained in this paragraph.

10        82.   Responding to Paragraph 82 under the heading "SEVENTH CAUSE OF ACTION,"

11   Defendants admit Chef Tim Miller called Plaintiff prior to Defendant's return-to-work date of

12   June 15, 2006.  Defendants deny each and every remaining allegation in this paragraph.

13        83.   Responding to Paragraph 83 under the heading "SEVENTH CAUSE OF ACTION,"

14   Defendants deny each deny each and every allegation in this paragraph.

15        84.   Responding to Paragraph 84 under the heading "SEVENTH CAUSE OF ACTION,"

16   Defendants deny each and every allegation in this paragraph.

17        85.   Responding to Paragraph 85 under the heading "SEVENTH CAUSE OF ACTION,"

18   Defendants deny each and every allegation in this paragraph.

19        86.   Responding to Paragraph 86 under the heading "SEVENTH CAUSE OF ACTION,"

20   Defendants deny each and every allegation contained in this paragraph.

21        87.   Responding to Paragraph 87 under the heading "SEVENTH CAUSE OF ACTION,"

22   Defendants deny each and every allegation in this paragraph.

23        88.   Responding to Paragraph 88 under the heading "SEVENTH CAUSE OF ACTION,"

24   Defendants deny each and every allegation in this paragraph.

25        89.   Responding to Paragraph 89 under the heading "SEVENTH CAUSE OF ACTION,"

26   Defendants deny each and every allegation in this paragraph.

27        90.   Responding to Paragraph 90 under the heading "SEVENTH CAUSE OF ACTION,"

28   Defendants deny each and every allegation in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1    91. Responding to Paragraph 91 under the heading "SEVENTH CAUSE OF ACTION,"

2    Defendants deny each and every allegation in this paragraph.

3    92. Responding to Paragraph 92 under the heading "SEVENTH CAUSE OF ACTION,"

4    Defendants deny each and every allegation in this paragraph.

5    93. Responding to Paragraph 93 under the heading "EIGHTH CAUSE OF ACTION,"

6    Defendants deny each and every allegation in this paragraph.

7    94. Responding to Paragraph 94 under the heading "EIGHTH CAUSE OF ACTION,"

8    Defendants deny each and every allegation in this paragraph.

9    95. Responding to Paragraph 95 under the heading "EIGHTH CAUSE OF ACTION,"

10    Defendants deny each and every allegation in this paragraph.

11    96. Responding to Paragraph 96 under the heading "EIGHTH CAUSE OF ACTION,"

12    Defendants deny each and every allegation in this paragraph.

13    97. Responding to Paragraph 97 under the heading "EIGHTH CAUSE OF ACTION,"

14    Defendants admit that Plaintiff requested a leave of absence from Defendant ARAMARK on or

15    around March 28, 2006. Defendants admit that Plaintiff took a leave of absence from Defendant

16    ARAMARK on or around March 30, 2006. Defendants deny each and every remaining

17    allegation contained in this paragraph.

18    98. Responding to Paragraph 98 under the heading "EIGHTH CAUSE OF ACTION,"

19    Defendants are without sufficient knowledge or information as to the truth of the allegations

20    contained in this paragraph, and on that basis deny each and every allegation in this paragraph.

21    99. Responding to Paragraph 99 under the heading "EIGHTH CAUSE OF ACTION,"

22    Defendants admit that Plaintiff was scheduled to return to work at Defendant ARAMARK on

23    June 15, 2006, but did not return. Defendants deny each and every remaining allegation

24    contained in this paragraph.

25    100. Responding to Paragraph 100 under the heading "EIGHTH CAUSE OF ACTION,"

26    Defendants admit that Chef Tim Miller called Plaintiff prior to Plaintiff's scheduled return-to-

27    work date of June 15, 2006. Defendants deny each and every remaining allegation in this

28    paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

101. Responding to Paragraph 101 under the heading "EIGHTH CAUSE OF ACTION," Defendants deny each and every allegation in this paragraph.

102. Responding to Paragraph 102 under the heading "EIGHTH CAUSE OF ACTION," Defendants deny each and every allegation in this paragraph.

103. Responding to Paragraph 103 under the heading "EIGHTH CAUSE OF ACTION," Defendants deny each and every allegation in this paragraph.

104. Responding to Paragraph 104 under the heading "EIGHTH CAUSE OF ACTION," Defendants deny each and every allegation in this paragraph.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants assert the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Claim)

1.    As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

2.    As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendants allege that if Plaintiff sustained any damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for any such damages because, by his own acts and omissions, Plaintiff has failed timely and properly to mitigate those damages.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.    As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation, including but not limited to the provisions of California Code of Civil Procedure Sections 335.1 and 338(a), California Government Code Sections 12960(d) and 12965(b), 42

C-08-00733 JL
DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1   U.S.C. Section 2000e-5(e) and (f)(1), and 29 C.F.R. Section 1601.13.

2                          **FOURTH AFFIRMATIVE DEFENSE**

3                                **(Waiver and Estoppel)**

4          4.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim

5   therein, Defendants allege that Plaintiff by his express and implied actions has waived and is

6   estopped from asserting, in whole or in part, any of the claims upon which he seeks relief.

7                           **FIFTH AFFIRMATIVE DEFENSE**

8                                 **(Unclean Hands)**

9          5.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim

10  therein, Defendants allege that each claim is barred by the doctrine of unclean hands.

11                          **SIXTH AFFIRMATIVE DEFENSE**

12                             **(Privilege/Justification)**

13         6.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim

14  therein, Defendants allege that their conduct was a just and proper exercise of managerial

15  discretion, undertaken for fair and honest reasons, comporting with good faith under the

16  circumstances then existing, and was privileged and justified.

17                         **SEVENTH AFFIRMATIVE DEFENSE**

18                     **(Workers' Compensation Exclusive Remedy)**

19         7.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim

20  therein, Defendants allege that if Plaintiff sustained any injuries and/or emotional distress by

21  reason of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive

22  remedy for any such damages is governed by the California Workers' Compensation Act statutes.

23  Cal. Labor Code Sections 3200, et seq.

24                          **EIGHTH AFFIRMATIVE DEFENSE**

25                    **(Failure to Exhaust Administrative Remedies)**

26         8.      As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege

27  that Plaintiff's statutory claims are barred in whole or in part on the grounds that Plaintiff has

28  failed timely and/or properly to exhaust his administrative remedies with the California

C-08-00733 JL

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1   Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment

2   Opportunity Commission ("EEOC") and are barred in whole or in part to the extent his alleged

3   causes of action exceed or are outside the scope of any administrative charge(s) filed by Plaintiff

4   with the DFEH and/or EEOC.  California Government Code §§ 12940, 12965(b); *Okoli v.*

5   *Lockheed Technical Operations Co.* (1995) 36 Cal. App. 4th 1607, 42 U.S.C. Sections 2000e-

6   5(b), (c) and (f)(1).

### NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

9.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim
therein, Defendant ARAMARK Sports, LLC alleges that it exercised reasonable care to prevent
and promptly correct any discriminatory, harassing or retaliatory conduct, that Plaintiff
unreasonably failed to take advantage of the preventative and corrective opportunities provided
by Defendant or otherwise to avoid harm, and that reasonable use of Defendant's internal
procedure and remedies would have prevented some, if not all, of Plaintiff's claimed damages
from occurring. *State Dept. of Health Services v. Superior Court (McGinnis)* (2003) 31 Cal. 4th
1026.

### TENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

10.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim
therein, Defendants allege that, to the extent that unlawful reasons were motivating factors as to
any action by Defendants alleged in the Complaint, which Defendants expressly deny, legitimate
non-discriminatory, non-retaliatory reasons, standing alone, would have induced Defendants to
make the same employment decisions.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Absence of Malice)

11.      As a separate and affirmative defense to Plaintiff's Complaint, and to each claim
therein, Defendants allege that at all times and places alleged in the Complaint, Defendants acted
without malice and with a good faith belief in the propriety of their conduct.

C-08-00733 JL

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

12.     As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to support any claim for punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

13.     As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendants allege that Plaintiff's claim for punitive damages is barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

14.     As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendants allege that Plaintiff's claims are barred because Defendants' actions about which Plaintiff complains were job-related and consistent with business necessity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

15.     As a separate and affirmative defense to Plaintiff's Complaint, and to each claim therein, Defendant ARAMARK Sports, LLC alleges that any claim by Plaintiff for punitive damages against ARAMARK Sports, LLC is barred because there is no vicarious liability, in that no officer, director, or managing agent of ARAMARK Sports, LLC: (i) had advance knowledge of the unfitness of any employee alleged to have acted unlawfully but nonetheless employed such employee with a conscious disregard of the rights or safety of others, (ii) authorized or ratified the alleged wrongful conduct for which damages are claimed, or (iii) was personally guilty of oppression, fraud or malice.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (After-Acquired Evidence)

3        16.    As a separate and affirmative defense to Plaintiff's Complaint, and to each claim

4    therein, Defendants allege that, subsequent to the termination of Plaintiff's employment,

5    Defendants acquired evidence of wrongdoing by Plaintiff, which wrongdoing would have

6    materially affected the terms and conditions of Plaintiff's employment and/or would have resulted

7    in Plaintiff being either demoted, disciplined, or terminated, and as a result, such after-acquired

8    evidence effectively bars Plaintiff from establishing liability and from recovering damages and/or

9    shall reduce his recovery, if any, for such claims as provided by law.

10

11        WHEREFORE, Defendants pray for the following:

12    1.    That Plaintiff take nothing by this action;

13    2.    That judgment be entered in favor of Defendants and against Plaintiff;

14    3.    That costs of suit be awarded to Defendants;

15    4.    That attorneys' fees be awarded to Defendants; and

16    5.    For such other and further relieve in favor of Defendants as the Court deems just

17    and proper.

18    Dated:  February 12, 2008                    MORGAN, LEWIS & BOCKIUS LLP

19

20                                                By_____

21                                                      Eric Meckley

22                                                Attorneys for Defendants ARAMARK SPORTS,
                                                  LLC (erroneously sued as ARAMARK Sports and
23                                                Entertainment), YING KEE McVICKER, and
                                                  MATTHEW LEE

24

25    1-SF/7663697.1

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1

## PROOF OF SERVICE

2    I am a resident of the State of California and over the age of eighteen years, and not a

3   party to the within action; my business address is One Market, Spear Street Tower, San

4   Francisco, California 94105-1126.

5    On February 12, 2008, I served the within document(s):

6

7   **DEFENDANTS' ANSWER TO PLAITNIFF'S AMENDED COMPLAINT**

8   ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9
10  ☒   by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

11
12  ☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

13
14  ☐   by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

15       Mark Foster, *In Pro Per*
         200 Corpus Christi Road, #A
16       Alameda, CA  94501

17
18   I am readily familiar with the firm's practice of collection and processing correspondence

19  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

20  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

21  motion of the party served, service is presumed invalid if postal cancellation date or postage

22  meter date is more than one day after date of deposit for mailing in affidavit.

23   Executed on February 12, 2008, at San Francisco, California.

24   I declare under penalty of perjury, under the laws of the State of California, that the above

25  is true and correct.

26                                    _Mary Gonzalez_
                                          Mary I. Gonzalez

27  1-SF/7663697.1

28

16

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

C-08-00733 JL