1 | Mark Antoine Foster, In Pro Per
200 Corpus Cristie Road #A

2 | Alameda, California 94502
(415) 756-1611

3 | (619) 646-3564

FILED

FEB 20 AM 9:41

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | OAKLAND DIVISION

11

Case No.  **C-08-0733JL**

12 | **MARK ANTOINE FOSTER,**

**NOTICE OF MOTION AND MOTION
TO REMAND REMOVED ACTION,
MEMORANDUM OF POINTS AND
AUTHORITIES, DECLARATION OF
MARK ANTOINE FOSTER AND
EXHIBITS 1 THRU 25 ATTACHED
THERETO; [PROPOSED] ORDER IN
SUPPORT THEREOF
[28 U.S.C.S. 1447(c)]**

13 | **Plaintiff,**

14 | **vs.**

15 | **ARAMARK SPORTS and Entertainment,
Ying Kee McVicker, an individual, Matthew
Lee, an individual, and DOES 1
Through 51**

16

17 | **Defendants**

**Date:  March 28, 2008**
**Time:  9:00 a.m.**

18 | _____ /

19 | TO DEFEDANTS ARAMARK SPORTS L.L.C., YING KEE MCVICKER, AND

20 | INDIVIDUAL, MATTHEW LEE, AN INDIVIDUAL.

21 | PLEASE TAKE NOTICE that on March 28, 2008 at 9:00 am or as soon thereafter as the

22 | matter may be heard in the above entitled court, located at 450 Golden Gate Avenue, San

23 | Francisco, California, PLAINTIFF MARK ANTOINE FOSTER will move this court

24 | for an order remanding this cause to the Superior Court of the State of California for the City of

25

NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION    C-08-0733JL    1

and County of San Francisco. This motion is made on the ground that the cause was improperly removed and is not within the jurisdiction of this court, in that the complaint herein does not present a claim or right arising under the Constitution, treaties, or laws of the United States with the meaning of 28 U.S.C. §1331, all of which more clearly appears in the declaration of Mark Antoine Foster attached, and Exhibits 1-25 attached hereto and made a part hereof. Plaintiff further moves this court for an order that defendant Aramark Sports, L.L.C. pay plaintiff for all his costs and actual expenses, including attorney fees, incurred by reason of the removal proceedings. All attached exhibits and a memorandum of law in support of the above motion are attached hereto and made a part hereof.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    Plaintiff MARK ANTOINE FOSTER brought this case against defendants pursuant to FEHA section 12940, for creating and maintaining an abusive and discriminatory work environment, failing to properly investigate and take prompt, remedial or appropriate action to stop hostile environment workplace harassment and hostile environment sexual harassment, and for retaliating against Plaintiff in response to his complaints about the abusive work environment, and threats to report the discriminatory acts of Defendants to the Department of Fair Employment and Housing and the Equal Opportunity Employment Commission. A true and correct copy of the original complaint and summons, with the accompanying attachments, is attached hereto as Exhibit 1.

2.    Plaintiff filed a complaint with the Department of Fair Employment and Housing on March 22, 2006. A right to sue letter was issued against all defendants on April 20, 2006. A true and correct copy of the right to sue letter, with the accompanying attachments, is attached hereto as Exhibit 2; a true and correct copy of complaints of discrimination issued from the department on March 22, 2006, is attached hereto as Exhibit 3.

3.    Plaintiff alleged five causes of action that violated California State Law under California Government Code 12940 et. Seq. Plaintiff seeked remedy or relief exclusively under FEHA. Plaintiff's claim is clearly a "well-pleaded" state claim.

4.    On March 9, 2007, Plaintiff commenced this action in the Superior Court of the State of California in and for the county of San Francisco, alleging causes of action for (1) Constructive Discharge, (2) Retaliation, (3) Failure to Prevent Discrimination and Harassment, (4) Harassment and Discrimination based on sex, and (5) Intentional Infliction of Emotional Distress, all under California Law.

5.    On March 12, 2007, Plaintiff caused the complaint and summons to be served on Defendants.

6.    On April 26, 2007, Defendants filed their answer to plaintiff's complaint alleging fourteen affirmative defenses; a true and correct copy of the Defendants answer is attached hereto as Exhibit 4.

7.    On May 14, 2007, Plaintiff filed a demurrer to defendants' answer, denying all of defendants' fourteen affirmative defenses; a true and correct copy of Plaintiff's demurrer is attached hereto as Exhibit 5.

8.    On May 22, 2007, Defendants filed an amended answer to Plaintiff's complaint, adding two additional affirmative defenses. Defendants filed all pages of the document with the court, but omitted the additional pages claiming the two new affirmative defenses when Defendants served it to Plaintiff, by mail. It was necessary for Plaintiff to acquire the additional pages from the clerk of court; a true and correct copy of Defendants amended answer is attached hereto as Exhibit 6.

9.    This removal action is not a civil action which this court has original jurisdiction pursuant to 28 U.S.C. 1331. Defendants may not remove this entire action to this court pursuant

to the provisions of 28. U.S.C. Section 1441(b), in that it is not a civil action arising under the laws of the United States; specifically Plaintiff's alleged ADA claim does not convert Plaintiff's State Law claim into a Federal Cause of Action.

10.     Plaintiff's state law causes of action are claims over which the State Court may properly exercise jurisdiction because they are state claims and Plaintiff seeks relief exclusively from state court. This court does not have supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because they do not form part of the same case or controversy as claims over which this court would have original jurisdiction. Some of the other pleadings, processes and orders included in the state court action are as follows:

a.     On May 24, 2007, Plaintiff filed a reply in support of his demurrer to Defendants' amended answer; a true and correct copy of Plaintiff's reply is attached hereto as Exhibit 7.

b.     On June 6, Plaintiff filed a amended demurrer to Defendants' first amended answer; a true and correct copy is attached hereto as Exhibit 8.

b.     On June 15, 2007, Defendants filed an opposition to Plaintiff's Amended Demurrer; a true and correct copy is attached hereto as Exhibit 9.

c.     On July 5, 2007 Plaintiff filed a demurrer to Defendants' amended answer; a true and correct copy is attached hereto as Exhibit 10.

d.     On July 16, 2007, Defendants filed an opposition to Plaintiffs' Demurrer; a true and correct copy is attached hereto as Exhibit 11.

e.     On July 16, 2007, Defendants filed a Case Management Conference Statement in San Francisco Superior Court. Defendants stated in the CMC Statement that they would file a motion for Summary Judgment or as alternative a motion for Summary Adjudication; a true and correct copy is attached hereto as Exhibit 12.

f.     On August 1, 2007, the Superior Court issued a case management order

continuing the Case Management Conference of August 10, 2007 to September 21, 2007; a true and correct copy is attached hereto as Exhibit 13.

g.    On September 6, 2007, Defendants filed a Case Management Conference statement in San Francisco County Superior Court, stating a second time they would file a motion for Summary Judgment or Summary Adjudication; a true and correct copy of the statement is attached hereto as Exhibit 14.

h.    On September 10, 2007 the Superior Court issued a Case Management Order noticing trial for March 17, 2008 and a mandatory settlement conference for February 28, 2008; a true and correct copy is attached hereto as Exhibit 15.

i.    On September 13, 2007, Defendants filed a notice of Objection to Trial date and notice of objection to Court Commission acting as Trial Judge in the Superior Court action; a true and correct copy is attached hereto as Exhibit 16.

j.    On September 18, 2007, Plaintiff filed a Reply to Defendants' Notice of Objection to Court Commissioner Acting as Trial Judge in the Superior Court Action; a true and correct copy is attached hereto as Exhibit 17.

k.    On September 21, 2007, Plaintiff and Defendants' Council attended the Case Management Conference. Defendants stated to the court the reasons for their objections to Court Commissioner acting as Judge and the Trial date issued. Defendant's stated that they were "Stunned" by the evidence or statements in plaintiff's demurrer to the amended answer and needed more time to prepare for trial and to file a motion for Summary Judgment. Commissioner Arlene Borick inquired as to why Defendants needed more time when enough time was already available. Commissioner Borick requested or asked from Plaintiff if he would allow the court to give Defendants more time to file their motion for Summary Judgment Plaintiff agreed.

m.    On September 25, 2007, the Superior Court issued a notice of time and

Mandatory Settlement Conference noticing the  trial or resetting the trial for May 19, 2008 and a

Mandatory Settle Conference for May 5, 2008; a true and correct copy is attached hereto as

Exhibit 18.

n.    On October 17, 2007, the Superior Court issued a notice of Early Settlement

Conference noticing an Early Settlement Conference for March 14, 2008; a true and correct copy

is attached hereto as Exhibit 19.

o.    On  December 13, 2007, Defendants council requested that the early settlement

conference be reset to a earlier date because if the conference would be unsuccessful defendants

would need to file their motion for summary judgment at a earlier date; a true and correct copy of

the request is attached hereto as Exhibit 20

p.    On or around December 1, 2007, Plaintiff discovered through his discovery plan

that defendants discriminated against him due to his disability, and on December 7, 2077, filed a

notice of Motion for leave to file amended complaint to add disability discrimination claims

pursuant to the ADA, UNRUH and FEHA; a true and correct copy of the motion, with the

accompanying attachments, is attached hereto as Exhibit 21: a true and correct copy of the

proposed amended complaint and declaration of Mark Antoine Foster is attached hereto as

Exhibit 22.

q.    On January 11, 2008, Defendants and plaintiff attended an Early Settlement

Conference, Defendants' Council Eric Meckley stated a third time he will file a Motion for

summary judgment in his conference statement; a true and correct copy is attached hereto as

Exhibit 23.

r.    Between January 18, 2008 and January 30, 2008, Plaintiff served defendants

discovery in the form of Request For Admissions, Special Interrogatories and Request For

Documents; a true and correct copy of the Defendants' letter refusing to answer Plaintiff's

Discovery is attached hereto as Exhibit 24.

s.       On January 18, 2008, the Court issued an order approving Plaintiff's and

Defendants' stipulation and (proposed) order for leave to file amended Complaint in San

Francisco County Superior Court; a true and correct copy is attached hereto as Exhibit 25.

t.       On January 23, 2008, Defendants filed a Notice of Entry of Order for leave to file

amended complaint in San Francisco County Superior Court; a true and correct copy is attached

hereto as Exhibit 26.

u.       On January 23, 2008, Plaintiff filed his first amended complaint.

v.       On January 31, 2008, Defendants improperly removed this case from the Superior

Court of California in and for the county of San Francisco.

9.       The Pleadings attached to this Notice does not constitute all the process,

pleadings, and orders filed in this action in San Francisco County Superior Court of which

Defendants have been served to date, as defendants have attached to their notice all of those

processes, pleadings and orders for the courts review.

10.      The pleadings, processes and orders attached to this notice support Plaintiffs

notice to Remand.

11.      Although venue may be proper in this district pursuant to 28 U.S.C. Section

1441(a), Jurisdiction is not proper.

12.      Plaintiff will promptly serve defendants with this Notice to Remand and will file a

copy of this Notice to Remand with the Clerk of the State Court in which action is pending, as

required under U.S.C. Section 1446 (d)

13.      This notice is for remand is filed on behalf of Plaintiff Mark Antoine Foster who

is named for the State Court Action.

## II. LEGAL ARGUMENT

Plaintiff's complaint was improperly removed from State Court, based on multiple grounds, and should be expeditiously remanded to state court based on the following grounds:

### (1) PLAINTIFF'S COMPLAINT IS A "WELL PLEADED" STATE COMPLAINT.

"The District Court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States Section 28 U.S.C. 1331

Plaintiff's Complaint is a "Well –Pleaded State Complaint that arose under the laws of FEHA, which is state law and is supported under the doctrine the "Well-Pleaded complaint" rule.

"A suit arises under the law that creates the cause of action" American Well Works Co. V Layne & Bowler Co. 24 U.S. 257, 260 (1916).

Plaintiff alleged Retaliation, Constructive Discharge, Failure to prevent discrimination in his complaint filed on March 9, 2007 under FEHA, relying totally on remedy from the State.

"As an initial proposition, then, the "law that creates the cause of action" is state law, and original federal jurisdiction is unavailable unless it appears that some substantial; disputed question of federal law is necessary element of one or the well-pleaded state claims, or that one or the other claim is really of Federal law." Franchise Tax BD. V Laborers Vacation Trust (1983) 463 U.S 1, 9-11, 103 S. Ct 2841, 77 L. Ed. 2d 420

" The presence of underlying federal issue does not create federal questions jurisdictions over a well pleaded state law claims." Hall v. North American Van Lines. Inc, 476 F. 3d 683

"Therefore, we hold that under the jurisdiction statutes as they now stand federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, but Skelly Oil would bar jurisdiction if the plaintiff had sought a Federal Declaratory Judgment". Franchise Tax BD. V Laborers Vacation Trust (1983) 463 U.S 1, 9-11, 103 S. Ct 2841, 77 L. Ed. 2d 420

"For better or worse, under the present statutory scheme as it has existed since 1887, a Defendant may not remove a case to federal Court unless the plaintiff's complaint established that the case "arises under" federal law." Skelly Oil and Gully v. First National Bank in Meridian, 299 U.S. 109.112 (1936)

"Plaintiff also noted that they had not filed a claim with the Equal Employment Opportunity Commission, a prerequisite for initiating an action seeking remedies under Title VII. Rather Plaintiff had exhausted state administration remedies before the California Dept. of Fair Employment and Housing and obtain a right to sue letter from the department." Easton vs Crossland Mortg. Corp 114 F.3d 979 (9th Cir 1997)

On or around March 22, 2006, Plaintiff Foster met with the Department of Fair Employment and Housing and obtained a right to sue letter from the Department. Plaintiff did not file a claim with EEOC, nor does he seek remedy under federal law.

"Plaintiff suit for alleged retaliatory discharge from employment by reason of his filing claims for Workers Compensation was action "arising under" Maryland's WC statutes " Roberts v. Citicorp Diners club, Inc. 597 F. Supp.311 (1984).

**(2)     PLAINTIFF IS MASTER OF HIS COMPLAINT AND MAY AVOID FERERAL JURISDICTION BY EXCLUSIVE RELIANCE ON STATE LAW.**

Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997)

Although Plaintiff amended his complaint to add Disability Discrimination violations pursuant to the ADA, FEHA and UNRUH, Plaintiff need not rely on federal law to acquire relief for the Disability Discrimination violations. Plaintiff can seek remedy for the Disability Discrimination under FEHA or the UNRUH which are California state Laws, as it is remedy for same Disability Discrimination violation, plaintiff can acquire remedy from only one body of law.

1    "Where Plaintiff's claim involves both federal ground and a state ground, the plaintiff is

2    free to ignore the federal question and pitch his claim on state ground." Carpenters Southern Cal

3    Admin. V. Majestic Housing 743 F.2d 1341 (1984).

4    Plaintiff can easily severe or dismiss his ADA claim and seek remedy under FEHA or the

5    UNRUH for the Disability Discrimination violation.

6    "Federal question jurisdiction exists only in those cases in which well-pleaded complaint

7    establishes either that federal law creates cause of action or that plaintiff's right to relief

8    necessarily depends on resolution of substantial questions of federal law." Easton v. Crossland

9    Morg. Corp 114 F.3d 979 (9th Cir 1997)

10   Regarding Plaintiffs, ADA cause of action, plaintiff's right to relief does not necessarily

11   depend on resolution of substantial question of federal law as plaintiff can seek relief for the

12   Diability Discrimination under FEHA or UNRUH. Plaintiff is not entitled to remedy from all

13   three, only one for same Disability Discrimination violation

14   **(3)    PLAINTIFF'S ADA CLAIM DOES NOT CONVERT PLAINTIFF'S**

15   **STATE LAW CLAIM INTO A FEDERAL CAUSE OF ACTION BECAUSE THE**

16   **FEDERAL STATUTE IS NOT A NECESSARY ELEMENT OF THE STATE CLAIM**

17   **AND NO PREEMPTION EXISTS**

18   "Conversely, the mere reference of a federal statute in a pleading will not convert a state

19   law claim into a federal cause of action if the federal statute is not a necessary element of the

20   state law claim and no preemption exists" Easton vs Crossland Mortg.Corp

21   Plaintiff ADA claim is not a necessary Element of his state Law claim and it is not

22   preempted by federal law to be pursued on state court.

23   "Complete preemption occurs only when congress intends not merely to preempt a

24   certain amount of State law, but also intends to transfer jurisdiction of the subject matter from

25

state to Federal Court" Wayne v. DHL Worldwide Express 294 F. 3d 1179 (9th Cir 2002)

Plaintiff ADA claim does not prevent his state claim, or prosecution in State court, nor does it provide a bases for federal jurisdiction under the complete preemption doctrine.

**(4)    EVEN THOUGH PLAINTIFF'S FIRST AMENDED COMPLAINT INCLUDED OR ADDED A CLAIM UNDER THE ADA, PLAINTIFF'S COMPLAINT ALLEGED STATE LAW CLAIMS AND SOUGHT REMEDIES EXCLUSIVELY UNDER STATE LAW, THEREFORE, IT DOES NOT STATE CLAIM ARISING UNDER FEDERAL LAW FOR PURPOSE OF FEDERAL QUESTION JURISDICTION.**

"Complaint which alleged state law claims and which sought remedies exclusively under state law did not state claim raisings under federal law for purpose of federal question jurisdiction, even though complaint included incidental references to Title VII and Federal Constitution, Civil Rights Act of 1964, 42 U.S.C. 2000(e)." Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997).

"The counts of the complaint alleging sexual harassment claimed that the described conduct was in violation of Title VII of the Civil Rights Act of 1964, Cal Govt Code 12940" Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997)

Plaintiff first amended complaint alleged Disability Discrimination under that ADA, FEHA and the UNRUH.

"Accordingly, a Plaintiff cannot merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated, Karambelas v. Hughes Aircraft co. (9th Cir 1993) 992 F.2d 941,974.

Defendants also cannot merely inject a federal question into an action that asserts what plainly is a state law claim to transform the action into one selecting the forum in which the

1    claim shall be litigated.

2        Plaintiff alleges that defendants improperly removed the case to choose the forum or the

3    Federal Court to litigate Plaintiff's claim, creating a "smoke screen" by claiming that the ADA

4    violation warrants federal question jurisdiction when actually it does not.

5        Plaintiff alleges that the defendants want the Court to believe that they have the defense

6    that federal law prevents Plaintiff's claim from being prosecuted in state court or pursuing his

7    case in State court because of the ADA claim. Plaintiff believes Defendant's purpose for

8    removing the case is to (1) prolong litigation and (2) impose more burden as well as costs on

9    plaintiff because he is in PRO PER as they know he is financially disadvantaged and (3)

10    Defendants want to avoid this case proceeding in state court and avoid losing there motion for

11    Summary Judgment.

12        "A violation of a federal stature as an element of a state cause of action when Congress

13    has determined that there should be no private, federal cause of action for the violation, does not

14    state a claim "arising under the Constitution, laws, or treaties of the United States" with the

15    meaning of 28 U.S.C. 1331 Merrell Dow Pharmaceuticals Inc. v Thompson 766 F. 2d, 1006.

16        Plaintiff's ADA claim is an element of his state cause of action and therefore does not

17    state a claim "arising under the Constitution, laws, or treaties of the United States" with the

18    meaning of 28 U.S.C. 1331.

19        For example, a case alleging wrongful termination in violation of public policy, where

20    the public policy is grounded in both state and federal statute. A complaint referencing both

21    federal and state sources of public policy is usually not a federal cause of action and thus cannot

22    be the basis of removal.

23        Plaintiff claimed constructive discharge, and retaliation which are clearly claims violating

24    public policy under both federal and state law.

25

" Consequently, the causes of action did not arise under federal law and, therefore, were improperly removed to federal court". Merrell Dow Pharmaceuticals Inc. v Thompson 766 F. 2d, 1006.

### (5)    THE EXISTENCE OF A DEFENSE BASED UPON FEDERAL LAW IS INSUFFICIENT TO SUPPORT FEDERAL QUESTION JURISDICTION

Wayne v. DHL WORLDWIDE, 294 F.3d 1179 (9th Cir. 2002)

Plaintiff alleges that defendants are claiming a federal defense of preemption as to imply that federal law prevents Plaintiff's claim for being prosecuted in state court, which in this case is a falsehood.

"A case may not be remanded to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. Wayne vs. DHL WORLDWIDE citing Caterpillar, 482 U.S. at 392,107 s. ct 2425

Any federal defense that may be raised by defendants in Federal court is insufficient to defeat Plaintiff's ADA Claim.  Wayne vs DHL WORLDWIDE

Defenses based on federal, including preemption defenses do not ordinarily provide legitimate basis for removal 28 U.S.C. Section 1441(a.b.) Ramirez vs. Fox Television Station, Inc. 998 F.2d 743 (9th Cir 1993).

### (6) PLAINTIFF COULD NOT HAVE BROUGHT HIS CASE TO FEDERAL COURT TO BEGIN WITH BECAUSE HE SUED PURSUANT TO FEHA NOT TITLE VII

"District court may remove action from state court only if action could have been brought in district court originally; in absence of diversity jurisdiction, this issue turns of presence or absence of federal question" 28 U.S.C. Section 1441(a.b.) Ramirez vs. Fox Television Station,

998 F.2d 743 (9th Cir 1993.

Plaintiff's original complaint filed on March 9, 2006 claimed only state causes and could not have been pursued in federal court. Plaintiff did not discover until December 2007, almost a year and a half later, that he was subjected to Disability Discrimination. Plaintiff then amended his complaint adding the Disability Discrimination violations pursuant to ADA, FEHA & UNRUH. Plaintiff's ADA claim clearly represents the presence of a underlying federal issue, as the ADA claim was a result of the state violations, and would not have occurred without the alleged retaliation and constructive discharge first taking place.

"Since a defendant may remove a case only if the claim could have been brought in Federal Court 28 U.S.C. 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the "well-pleaded" complaint. Merrell Dow Pharmaceuticals vs. Thompson, Louisville vs. Nashville R. Co vs. Mottley 211 U.S. 149(1908)

**(7) WHY EXPEDITED TREATMENT IS NECESSARY**

Plaintiff's moves this Court to expedite its decision on the Plaintiffs motion to Remand to State Court because:

1.    Plaintiffs' Trial date is set for May 19, 2008 and Defendants improperly removing the case to Federal Court will possibly delay prosecution or proceedings

2.    Defendants refuse to adhere to California State law regarding discovery, as they refuse to answer discovery Plaintiff served prior to removal of his case

3.    Plaintiff has right to file motion for Summary Judgment or an opposition to Defendants Motion for Summary Judgment and simultaneously request Summary Judgment in his behalf.

4.    Defendants deceived court and Plaintiff into thinking they were going to file

Motion for Summary Judgment or Adjudication, delaying Plaintiff's trial, postponing Plaintiff's original Trial date.

5.     Defendants removed case improperly when Defendants realized Plaintiff was acquiring enough evidence to support his claims.

6.     Plaintiff has attached a Notice of Motion to sever his ADA Claim.

Additionally, the Federal District Court may Sua Sponte Remand an action <28 U.S.C.S. 1447(c)>. Indeed, when there is a lack of federal jurisdiction, the district court to which an action is removed has an immediate and continuing duty to remand the case on its own motion [ Strasser v KLM Royal Dutch Airlines C. D. Cal 1986) 631 F. Supp 1254, 1258.

Wherefore, pursuant to these statements and in accordance with the procedures set forth in 28 U.S.C. Section 1447(c), Plaintiff prays that the above-captioned action pending in the Superior Court of the State of California in and for the County of San Francisco be remanded to the Superior Court of the State of California in and for the County of San Francisco.

Date: February 15, 2008     Mark Antoine Foster, In Pro Per