1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, California 94502
   (415) 756-1611
3  (619) 646-3564



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| MARK ANTOINE FOSTER, | Case No. **C-08-0733 MHP** |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK ANTOINE FOSTER AND EXHIBITS 1 THRU 26 ATTACHED THERETO; [PROPOSED] ORDER IN SUPPORT THEREOF |
| vs. | |
| ARAMARK SPORTS and Entertainment, Ying Kee McVicker, an individual, Matthew Lee, an individual, and DOES 1 Through 51 | |
| Defendants | [28 U.S.C.S. 1447(c)] |
|  | Date: April 4, 2008 |
|  | Time: 9:00 a.m. |

TO DEFEDANTS ARAMARK SPORTS L.L.C., YING KEE MCVICKER, AND INDIVIDUAL, MATTHEW LEE, AN INDIVIDUAL.

PLEASE TAKE NOTICE that on April 4, 2008 at 9:00 am or as soon thereafter as the matter may be heard in the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, PLAINTIFF MARK ANTOINE FOSTER will move this court for an order severing the claim or cause of action asserted by him against defendant ARAMARK

1  SPORTS L.L.C. from the claim or cause of action asserted by plaintiff MARK ANTOINE
2  FOSTER in this action, specifically Plaintiff's ADA claim, and remanding the claim or cause
3  asserted by this plaintiff to the Superior Court of California, City and County of San Francisco.
4  This motion is made on the ground that the claim or cause of action asserted by this plaintiff is
5  separate and independent from the claim or cause of action of plaintiff MARK ANTOINE
6  FOSTER and involves only questions of state law, and all of which more clearly appears in the
7  Declaration of Mark Antoine Foster attached and Exhibits 1-25 also attached and made a part
8  hereof. A memorandum of law in support of the above motion is attached hereto and made a part
9  hereof.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff MARK ANTOINE FOSTER brought this case against defendants pursuant to FEHA section 12940, for creating and maintaining an abusive and discriminatory work environment, failing to properly investigate and take prompt, remedial or appropriate action to stop hostile environment workplace harassment and hostile environment sexual harassment, and for retaliating against Plaintiff in response to his complaints about the abusive work environment, and threats to report the discriminatory acts of Defendants to the Department of Fair Employment and Housing and the Equal Opportunity Employment Commission. A true and correct copy of the original complaint and summons, with the accompanying attachments, is attached hereto as Exhibit 1.

2. Plaintiff filed a complaint with the Department of Fair Employment and Housing on March 22, 2006. A right to sue letter was issued against all defendants on April 20, 2006. A true and correct copy of the right to sue letter, with the accompanying attachments, is attached hereto as Exhibit 2; a true and correct copy of complaints of discrimination issued from the department on March 22, 2006, is attached hereto as Exhibit 3.

3.  Plaintiff alleged five causes of action that violated California State Law under California Government Code 12940 et. Seq. Plaintiff sought remedy or relief exclusively under FEHA. Plaintiff's claim is clearly a "well-pleaded" state claim.

4.  On March 9, 2007, Plaintiff commenced this action in the Superior Court of the State of California in and for the county of San Francisco, alleging causes of action for (1) Constructive Discharge, (2) Retaliation, (3) Failure to Prevent Discrimination and Harassment, (4) Harassment and Discrimination based on sex, and (5) Intentional Infliction of Emotional Distress, all under California Law.

5.  On March 12, 2007, Plaintiff caused the complaint and summons to be served on Defendants.

6.  On April 26, 2007, Defendants filed their answer to plaintiff's complaint alleging fourteen affirmative defenses; a true and correct copy of the Defendants answer is attached hereto as Exhibit 4.

7.  On May 14, 2007, Plaintiff filed a demurrer to defendants' answer, denying all of defendants' fourteen affirmative defenses; a true and correct copy of Plaintiff's demurrer is attached hereto as Exhibit 5.

8.  On May 22, 2007, Defendants filed an amended answer to Plaintiff's complaint, adding two additional affirmative defenses. Defendants filed all pages of the document with the court, but omitted the additional pages claiming the two new affirmative defenses when Defendants served it to Plaintiff, by mail. It was necessary for Plaintiff to acquire the additional pages from the clerk of court; a true and correct copy of Defendants amended answer is attached hereto as Exhibit 6.

9.  This removal action is not a civil action which this court has original jurisdiction pursuant to 28 U.S.C. 1331. Defendants may not remove this entire action to this court pursuant

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL    3

1  to the provisions of 28. U.S.C. Section 1441(b), in that it is not a civil action arising under the

2  laws of the United States; specifically Plaintiff's alleged ADA claim does not convert Plaintiff's

3  State Law claim into a Federal Cause of Action.

4      10.    Plaintiff's state law causes of action are claims over which the State Court may

5  properly exercise jurisdiction because they are state claims and Plaintiff seeks relief exclusively

6  from state court. This court does not have supplemental jurisdiction pursuant to 28 U.S.C.

7  Section 1367(a) because they do not form part of the same case or controversy as claims over

8  which this court would have original jurisdiction. Some of the other pleadings, processes and

9  orders included in the state court action are as follows:

10      a.    On May 24, 2007, Plaintiff filed a reply in support of his demurrer to Defendants'

11  amended answer; a true and correct copy of Plaintiff's reply is attached hereto as Exhibit 7.

12      b.    On June 6, Plaintiff filed a amended demurrer to Defendants' first amended

13  answer; a true and correct copy is attached hereto as Exhibit 8.

14      b.    On June 15, 2007, Defendants filed an opposition to Plaintiff's Amended

15  Demurrer; a true and correct copy is attached hereto as Exhibit 9.

16      c.    On July 5, 2007 Plaintiff filed a demurrer to Defendants' amended answer; a true

17  and correct copy is attached hereto as Exhibit 10.

18      d.    On July 16, 2007, Defendants filed an opposition to Plaintiffs' Demurrer; a true

19  and correct copy is attached hereto as Exhibit 11.

20      e.    On July 16, 2007, Defendants filed a Case Management Conference Statement in

21  San Francisco Superior Court. Defendants stated in the CMC Statement that they would file a

22  motion for Summary Judgment or as alternative a motion for Summary Adjudication; a true and

23  correct copy is attached hereto as Exhibit 12.

24      f.    On August 1, 2007, the Superior Court issued a case management order

25

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL    4

1  continuing the Case Management Conference of August 10, 2007 to September 21, 2007; a true
2  and correct copy is attached hereto as Exhibit 13.
3      g.    On September 6, 2007, Defendants filed a Case Management Conference
4  statement in San Francisco County Superior Court, stating a second time they would file a
5  motion for Summary Judgment or Summary Adjudication; a true and correct copy of the
6  statement is attached hereto as Exhibit 14.
7      h.    On September 10, 2007 the Superior Court issued a Case Management Order
8  noticing trial for March 17, 2008 and a mandatory settlement conference for February 28, 2008;
9  a true and correct copy is attached hereto as Exhibit 15.
10     i.    On September 13, 2007, Defendants filed a notice of Objection to Trial date and
11 notice of objection to Court Commission acting as Trial Judge in the Superior Court action; a
12 true and correct copy is attached hereto as Exhibit 16.
13     j.    On September 18, 2007, Plaintiff filed a Reply to Defendants' Notice of
14 Objection to Court Commissioner Acting as Trial Judge in the Superior Court Action; a true and
15 correct copy is attached hereto as Exhibit 17.
16     k.    On September 21, 2007, Plaintiff and Defendants' Council attended the Case
17 Management Conference. Defendants stated to the court the reasons for their objections to Court
18 Commissioner acting as Judge and the Trial date issued. Defendant's stated that they were
19 "Stunned" by the evidence or statements in plaintiff's demurrer to the amended answer and
20 needed more time to prepare for trial and to file a motion for Summary Judgment.
21 Commissioner Arlene Borick inquired as to why Defendants needed more time when enough
22 time was already available. Commissioner Borick requested or asked from Plaintiff if he would
23 allow the court to give Defendants more time to file their motion for Summary Judgment
24 Plaintiff agreed.
25

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL

5

  m. On September 25, 2007, the Superior Court issued a notice of time and Mandatory Settlement Conference noticing the trial or resetting the trial for May 19, 2008 and a Mandatory Settle Conference for May 5, 2008; a true and correct copy is attached hereto as Exhibit 18.

  n. On October 17, 2007, the Superior Court issued a notice of Early Settlement Conference noticing an Early Settlement Conference for March 14, 2008; a true and correct copy is attached hereto as Exhibit 19.

  o. On December 13, 2007, Defendants council requested that the early settlement conference be reset to a earlier date because if the conference would be unsuccessful defendants would need to file their motion for summary judgment at a earlier date; a true and correct copy of the request is attached hereto as Exhibit 20

  p. On or around December 1, 2007, Plaintiff discovered through his discovery plan that defendants discriminated against him due to his disability, and on December 7, 2077, filed a notice of Motion for leave to file amended complaint to add disability discrimination claims pursuant to the ADA, UNRUH and FEHA; a true and correct copy of the motion, with the accompanying attachments, is attached hereto as Exhibit 21; a true and correct copy of the proposed amended complaint and declaration of Mark Antoine Foster is attached hereto as Exhibit 22.

  q. On January 11, 2008, Defendants and plaintiff attended an Early Settlement Conference, Defendants' Council Eric Meckley stated a third time he will file a Motion for summary judgment in his conference statement; a true and correct copy is attached hereto as Exhibit 23.

  r. Between January 18, 2008 and January 30, 2008, Plaintiff served defendants discovery in the form of Request For Admissions, Special Interrogatories and Request For

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND C-08-0733JL 6

1 Documents; a true and correct copy of Defendants' letter refusing to answer Plaintiff's discovery
2 is attached hereto as Exhibit 24.
3   s.   On January 18, 2008, the Court issued an order approving Plaintiff's and
4 Defendants' stipulation and (proposed) order for leave to file amended Complaint in San
5 Francisco County Superior Court; a true and correct copy is attached hereto as Exhibit 25.
6   t.   On January 23, 2008, Defendants filed a Notice of Entry of Order for leave to file
7 amended complaint in San Francisco County Superior Court; a true and correct copy is attached
8 hereto as Exhibit 26.
9   u.   On January 23, 2008, Plaintiff filed his first amended complaint.
10   v.   On January 31, 2008, Defendants improperly removed this case from the Superior
11 Court of California in and for the county of San Francisco.
12   9.   The Pleadings attached to this Notice does not constitute all the process,
13 pleadings, and orders filed in this action in San Francisco County Superior Court of which
14 Defendants have been served to date, as defendants have attached to their notice of removal all
15 of those processes, pleadings and orders for the courts review.
16   10.   The pleadings, processes and orders attached to this notice support Plaintiffs
17 Motion To Sever Claim.
18   11.   Although venue may be proper in this district pursuant to 28 U.S.C. Section
19 1441(a), Jurisdiction is not proper.
20   12.   Plaintiff will promptly serve defendants with this Notice of Motion to Sever
21 Claims and will file a copy of this Notice with the Clerk of the State Court in which action is
22 pending, as required under U.S.C. Section 1446 (d)
23   13.   This notice to sever claims is filed on behalf of Plaintiff Mark Antoine Foster who
24 is named for the State Court Action.
25

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND   C-08-0733JL   7

## II. LEGAL ARGUMENT

Plaintiff's motion to sever his ADA claim should be granted, based on multiple grounds, and should be expeditiously severed and remanded to the state based on the following grounds:

**(1) THE DISTRICT COURT MAY DETERMINE ALL ISSUES IN THE CASE, OR, IN ITS DISCRETION, MAY REMAND ALL MATTERS IN WHICH STATE LAW PREDOMINATES. 28 U.S.C.S. 1441(c)**

Before Congress enacted the Judicial Improvements Acts of 1990 (Pub. L. No. 101-650) diversity jurisdiction over the separate and independent former claim was also a ground for removing the entire case to federal court, and the court had the discretion to remand the claims over which it had no diversity. (see former 28 U.S.C.S. 1441(c))

By limiting removal to those cases in which the anchoring claim involves a federal question the Act significantly restricts the doctrine of removal based on federal jurisdiction over a separate and independent claim.

Plaintiff's ADA claim is a separate and independent claim and is an anchoring claim, which involves a federal question, and the Judicial Improvement Acts restricts the doctrine of removal based on federal jurisdiction over a separate and independent claim.

Plaintiff's claims or causes of action are only questions of state law, and Plaintiff need not rely on federal law for remedy for Defendant's disability discrimination violation, as he can and will seek remedy under FEHA or the Unruh.

Plaintiff has a right to sever his ADA claim and rely solely on state law for relief, avoiding federal jurisdiction question.

**(2) REMOVAL JURISDICTION CANNOT BE MAINTAINED WHERE THE FEDERAL QUESTION IS "COLLATERAL," "MERELY POSSBLE", OR ATTENUATED"; THE FEDERAL QUESTION MUST BE "DIRECT AND ESSENTIAL".**

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL    8

1  Courts have articulated a number of formulations to determine whether a state claim depends
2  on the resolution of a federal question to such an extent as to trigger subject matter
3  jurisdiction. Is the deferral question "basic" and "necessary" as opposed to "collateral" and
4  "merely possible" Gully v. First Nat'l Bank, 299 U.S. 108, 118, 81 L. Ed. 70, 57 S. Ct. 96
5  (1936). Is the federal question "direct and "essential" as opposed to "attenuated/" Smith v.
6  Grimm, 634 F. 2d 1346 at 1346, 1350-51 (9th Cir. 1976).
7  Plaintiff's state claims do not depend on the resolution of the ADA claim to such an extent to
8  trigger subject matter jurisdiction, and therefore can be severed.

**(3) PLAINTIFF'S COMPLAINT IS A "WELL PLEADED" STATE COMPLAINT.**

"The District Court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States Section 28 U.S.C. 1331

Plaintiff's Complaint is a "Well –Pleaded State Complaint that arose under the laws of FEHA, which is state law and is supported under the doctrine the "Well-Pleaded complaint" rule.

"A suit arises under the law that creates the cause of action" American Well Works Co. V Layne & Bowler Co. 24 U.S. 257, 260 (1916).

Plaintiff alleged Retaliation, Constructive Discharge, Failure to prevent discrimination in his complaint filed on March 9, 2007 under FEHA, relying totally on Remedy from the State.

"As an initial proposition, then, the "law that creates the cause of action" is state law, and original federal jurisdiction is unavailable unless it appears that some substantial; disputed question of federal law is necessary element of one or the well-pleaded state claims, or that one or the other claim is really of Federal law." Franchise Tax BD. V Laborers Vacation Trust (1983) 463 U.S 1, 9-11, 103 S. Ct 2841, 77 L. Ed. 2d 420

" The presence of underlying federal issue does not create federal questions jurisdictions over a well pleaded state law claims." Hall v. North American Van Lines. Inc, 476 F. 3d 683

1  "Therefore, we hold that under the jurisdiction statues as they now stand federal courts do

2  not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal

3  question is presented by a complaint for a state declaratory judgment, but Skelly Oil would bar

4  jurisdiction if the plaintiff had sought a Federal Declaratory Judgment". Franchise Tax BD. V

5  Laborers Vacation Trust (1983) 463 U.S 1, 9-11, 103 S. Ct 2841, 77 L. Ed. 2d 420

6  "For better or worse, under the present statutory scheme as it has existed since 1887, a

7  Defendant may not remove a case to federal Court unless the plaintiff's complaint established

8  that the case "arises under" federal law." Skelly Oil and Gully v. First National Bank in

9  Meridian, 299 U.S. 109.112 (1936)

10  "Plaintiff also noted that they had not filed a claim with the Equal Employment

11  Opportunity Commission, a prerequisite for initiating an action seeking remedies under Title VII.

12  Rather Plaintiff had exhausted state administration remedies before the California Dept. of Fair

13  Employment and Housing and obtain a right to sue letter from the department." Easton vs

14  Crossland Mortg. Corp 114 F.3d 979 (9th Cir 1997)

15  On or around March 22, 2006, Plaintiff Foster met with the Department of Fair

16  Employment and housing and obtained a right to sue letter from the Department. Plaintiff did not

17  file a claim with EEOC, nor does he seek remedy under federal law.

18  "Plaintiff suit for alleged retaliatory discharge from employment by reason of his filing

19  claims for Workers Compensation was action "arising under" Maryland's WC statutes " Roberts

20  v. Citicorp Diners club, Inc. 597 F. Supp.311 (1984).

21  (4)  PLAINTIFF IS MASTER OF HIS COMPLAINT AND MAY AVOID

22  FERERAL JURISDICTION BY EXCLUSIVE RELIANCE ON STATE LAW.

23  Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997)

24  Although Plaintiff amended his complaint to add Disability Discrimination violations

25

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL   10

1  pursuant to the ADA, FEHA and UNRUH, Plaintiff need not rely on federal law to acquire relief
2  for the Disability Discrimination violations. Plaintiff can seek remedy for the Disability
3  Discrimination under FEHA or the UNRUH which are California state Laws, as it is remedy for
4  same Disability Discrimination violation, plaintiff can acquire remedy from only one body of
5  law.
6       "Where Plaintiff's claim involves both federal ground and a state ground, the plaintiff is
7  free to ignore the federal question and pitch his claim on state ground." Carpenters Southern Cal
8  Admin. V. Majestic Housing 743 F.2d 1341 (1984).
9       Plaintiff can easily severe or dismiss his ADA claim and seek remedy under FEHA or the
10 UNRUH for the Disability Discrimination violation.
11      "Federal question jurisdiction exists only in those cases in which well-pleaded complaint
12 establishes either that federal law creates cause of action or that plaintiff's right to relief
13 necessarily depends on resolution of substantial questions of federal law." Easton v. Crossland
14 Morg. Corp 114 F.3d 979 (9th Cir 1997)
15      Regarding Plaintiffs, ADA cause of action, plaintiff's right to relief does not necessarily
16 depend on resolution of substantial question of federal law as plaintiff can seek relief for the
17 Diability Discrimination under FEHA or UNRUH. Plaintiff is not entitled to remedy from all
18 three, only one for same Disability Discrimination violation
19      (5)   PLAINTIFF'S ADA CLAIM DOES NOT CONVERT PLAINTIFF'S STATE
20 LAW CLAIM INTO A FEDERAL CAUSE OF ACTION BECAUSE THE FEDERAL
21 STATUTE IS NOT A NECESSARY ELEMENT OF THE STATE CLAIM AND NO
22 PREEMPTION EXISTS
23      "Conversely, the mere reference of a federal statute in a pleading will not convert a state
24 law claim into a federal cause of action if the federal statute is not a necessary element of the
25

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND   C-08-0733JL   11

state law claim and no preemption exists" Easton vs Crossland Mortg.Corp

Plaintiff ADA claim is not a necessary Element of his state Law claim and it is not preempted by federal law to be pursued on state court, and therefore can be severed.

"Complete preemption occurs only when congress intents not merely to preempt a certain amount of State law, but also intends to transfer jurisdiction of the subject matter from state to Federal Court" Wayne v. DHL Worldwide Express 294 F. 3d 1179 (9th Cir 2002)

Plaintiff ADA claim does not prevent his state claim, or prosecution in State court, nor does it provide a bases for Federal jurisdiction under the complete preemption doctrine.

(6) EVEN THOUGH PLAINTIFF'S FIRST AMENDED COMPLAINT INCLUDED OR ADDED A CLAIM UNDER THE ADA, PLAINTIFF'S COMPLAINT ALLEGED STATE LAW CLAIMS AND SOUGHT REMEDIES EXCLUSIVELY UNDER STATE LAW, THEREFORE, IT DOES NOT STATE CLAIM ARISING UNDER FEDERAL LAW FOR PURPOSE OF FEDERAL QUESTION JURISDICTION.

"Complaint which alleged state law claims and which sought remedies exclusively under state law did not state claim raisings under federal law for purpose of federal question jurisdiction, even though complaint included incidental references to Title VII and Federal Constitution, Civil Rights Act of 1964, 42 U.S.C. 2000(e)." Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997).

"The counts of the complaint alleging sexual harassment claimed that the described conduct was in violation of Title VII of the Civil Rights Act of 1964, Cal Govt Code 12940" Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997)

Plaintiff first amended complaint alleged Disability Discrimination under that ADA, FEHA and the UNRUH.

"Accordingly, a Plaintiff cannot merely by injecting a federal question into an action that

1   asserts what is plainly a state-law claim, transform the action into one arising under federal law,

2   thereby selecting the forum in which the claim shall be litigated, Karambelas v. Hughes Aircraft

3   co. (9th Cir 1993) 992 F.2d 941,974.

4   Defendants also cannot merely inject a federal question into an action that asserts what

5   plainly is a state law claim to transform the action into one selecting the forum in which the

6   claim shall be litigated.

7   Plaintiff alleges that defendants improperly removed the case to choose the forum or the

8   Federal Court to litigate Plaintiff's claim, creating a "smoke screen" by claiming that the ADA

9   violation warrants federal question jurisdiction when actually it does not.

10  Plaintiff alleges that the defendants want the Court to believe that they have the defense

11  that federal law prevents Plaintiff's claim from being prosecuted in state court or pursuing his

12  case in State court because of the ADA claim. Plaintiff believes Defendant's purpose for

13  removing the case is to (1) prolong litigation and (2) impose more burden as well as costs on

14  plaintiff because he is in PRO PER as they know he is financially disadvantaged and (3)

15  Defendants want to avoid this case proceeding in state court and avoid losing there motion for

16  Summary Judgment.

17  "A violation of a federal stature as an element of a state cause of action when Congress

18  has determined that there should be no private, federal cause of action for the violation, does not

19  state a claim "arising under the Constitution, laws, or treaties of the United States" with the

20  meaning of 28 U.S.C. 1331 Merrell Dow Pharmaceuticals Inc. v Thompson 766 F. 2d, 1006.

21  Plaintiff's ADA claim is an element of his state cause of action and therefore does not

22  state a claim "arising under the Constitution, laws, or treaties of the United States" with the

23  meaning of 28 U.S.C. 1331.

24  For example, a case alleging wrongful termination in violation of public policy, where

25

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL    13

the public policy is grounded in both state and federal statute. A complaint referencing both federal and state sources of public policy is usually not a federal cause of action and thus cannot be the basis of removal.

Plaintiff claimed constructive discharge, and retaliation which are clearly claims violating public policy under both federal and state law.

" Consequently, the causes of action did not arise under federal law and, therefore, were improperly removed to federal court". Merrell Dow Pharmaceuticals Inc. v Thompson 766 F. 2d, 1006.

Plaintiff hereby request that his ADA claim be severed. Plaintiff will seek remedy for the disability discrimination under FEHA. Even if plaintiff were not requesting the severance of his ADA claim, this case still would not warrant federal question jurisdiction

(7) IN ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, CASE WILL BE REMANDED; REMAND CANNOT BE WAIVED, NOR FEDERAL JURISDICTION CREATED BY STIPULATION OF PARTIES.

The right to secure a remand of the action to state court when there is no federal subject matter jurisdiction basis for removing the action to a federal court cannot be waived by either party. Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F. 3d. 931 (9th Cir. 2003), as amended in other respects 350 F. 3d 916, cert. Denied 124 S. Ct. 2162, 541 U.S. 1041, 158 L. Ed.2d 730 (2004). Nor may parties confer jurisdiction over the subject matter of an action on a federal court by consent. Parks v. Montgomery Ward & Co., 198 F. 2d 772 (10th Cir. 1952) Office of Hawai'ian Affairs v. Department of Education. 951 F. Supp. 1484 (D. Hawaii 1996).

(8) THE COURT MUST SATISFY ITSELF THAT FEDERAL SUBJECT MATTER JURISDICTION IS PROPER BEFORE MAKING RULINGS ON THE MERITS.

If the district court at any time determines that it lacks jurisdiction over the removed

1  action, it must remedy the improvident grant of removal by remanding the action to state court.
2  28 U.S.C. 1447; see, e.g. Arco Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality,
3  213 F. 3d 1108, 1113 (9th Cir. 2000). Because the existence of federal subject matter jurisdiction
4  is a constitutional requirement, there is substantial case law to the effect that the district court
5  may remand a removed case in which the lack of subject matter jurisdiction is discovered at any
6  time prior to the entry of judgment. 28 U.S.C. 1447. Although this motion is filed within thirty
7  days to preserve procedural objections, any issues respecting jurisdictional infirmities remain
8  open for consideration until entry of judgment.

(9) WHY EXPEDITED TREATMENT IS NECESSARY

Plaintiff's moves this Court to expedite its decision on the Plaintiffs MOTION TO SEVER CLAIMS AND REMAND CASE TO STATE COURT because:

1. Plaintiffs' Trial date is set for May 19, 2008 and Defendants improperly removing the case to Federal Court will possibly delay prosecution or proceedings

2. Defendants refuse to adhere to California State law regarding discovery, as they refuse to answer discovery Plaintiff served prior to removal of his case

3. Plaintiff has right to file motion for Summary Judgment or an opposition to Defendants Motion for Summary Judgment and simultaneously request Summary Judgment in his behalf.

4. Defendants deceived court and Plaintiff into thinking they were going to file Motion for Summary Judgment or Adjudication, delaying Plaintiff's trial, postponing Plaintiff's original Trial date.

5. Defendants removed case improperly when Defendants realized Plaintiff was acquiring enough evidence to support his claims.

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND        C-08-0733JL    15

1  6.   Plaintiff has attached this Notice of Motion to sever his ADA Claim.

2  Additionally, the Federal District Court may Sua Sponte Remand an action <28 U.S.C.S.

3  1447(c). Indeed, when there is a lack of federal jurisdiction, the district court to which an action

4  is removed has an immediate and continuing duty to remand the case on its own motion [

5  Strasser v KLM Royal Dutch Airlines C. D. Cal 1986) 631 F. Supp 1254, 1258.

6  Wherefore, pursuant to these statements and in accordance with the procedures set forth

7  in 28 U.S.C. Section 1447(c), Plaintiff prays that the HIS MOTION TO SEVER CLAIMS IS

8  GRANTED AND the above-captioned action pending in the Superior Court of the State of

9  California in and for the County of San Francisco be remanded to the Superior Court of the State

10 of California in and for the County of San Francisco.

11 Date: February 26, 2008    Mark Antoine Foster, In Pro Per

NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AND REMAND    C-08-0733JL    16