1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JULIA MOLANDER  Bar No. 83839
2  julia.molander@sdma.com
   DEAN J. MCELROY  Bar No. 213132
3  dean.mcelroy@sdma.com
   LISA G. ROWE  Bar No. 232601
4  lisa.rowe@sdma.com
   One Market Plaza
5  Steuart Tower, 8th Floor
   San Francisco, California 94105
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
7
   Attorneys for Defendant
8  SPECIALTY RISK SERVICES

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11 | MARK ANTOINE FOSTER,              | CASE NO. 3:08-cv-00733-MHP
12 |       Plaintiff,                  | **SPECIALTY RISK SERVICES' ADMINISTRATIVE MOTION TO RELATE CASES**
13 |   v.                              |
14 | ARAMARK SPORTS &                  | JUDGE:   HON. MARILYN HALL PATEL
   | ENTERTAINMENT, INC., YING KEE     |
15 | MCVICKER, AND MATTHEW LEE,        |
16 |       Defendants.                 |

17

18

19        TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that pursuant to Local Rules 3-12 and 7-11, Specialty Risk

21 Services ("SRS"), a defendant in *Foster v. Specialty Risk Services, et al.*, Case No. 4:08-cv-1421-

22 SBA, seeks an order determining that the following cases are related:

23        1.    *Foster v. Aramark Sports & Entertainment, Inc., Ying Kee McVicker, an*

24 *individual, Matthew Lee, an individual, and DOES 1 through 51*, Case No. 3:08-cv-00733-MHP

25 ("*Foster I*"), removed to this Court on January 31, 2008 and assigned to Hon. Marilyn Hall Patel;

26        2.    *Foster v. Aramark Sports LLC, and Aramark Corporation, and DOES 1 through*

27 *73*, Case No. 3:08-cv-01336-PJH ("*Foster II*"), removed to this Court on March 7, 2008 and

28 assigned to Hon. Phyllis J. Hamilton;

3. *Foster v. Morgan Lewis & Bockius, LLP, and Eric Meckley, as an Individual, and DOES 1 through 81*, Case No. 3:08-cv-01337-EDL ("*Foster III*"), removed to this Court on March 7, 2008 and assigned to Magistrate Judge Elizabeth D. Laporte; and

4. *Foster v. Specialty Risk Services and Gretchen Devine, as an Individual, and DOES 1 through 91*, Case No. 4:08-cv-01421-SBA ("*Foster IV*"), removed to this Court on March 12, 2008 and assigned to Hon. Saundra Brown Armstrong.

Under the Northern District Local Rules, Local Rule 3-12(a) defines an action as "related" to another when:

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

The claims alleged in all four actions arise out of alleged employment discrimination and violation of the Americans with Disabilities Act, asserted in *Foster I*. In addition, the allegations asserted by plaintiff in *Foster II, Foster III*, and *Foster IV* arise from workers' compensation claims by plaintiff, Mark Antoine Foster, which are related to and arise out of the claims made by plaintiff in *Foster I*.

There is no doubt that the claims made by plaintiff in *Foster II*, *Foster III*, and *Foster IV* concern the same parties, property, transactions and legal issues. Nine of the ten causes of actions are the same and are, in fact, worded identically in most instances. (See Rowe Decl., ¶¶ 9-10.) The differences in each of these actions arise merely as a result of plaintiff filing separate actions against each of the parties named therein. (See Rowe Decl., ¶¶ 3-5.) It is clear that the parties in each of these actions are all related, as a result of the transaction or occurrence cited in the complaint filed in *Foster I*, the instant action. (See Rowe Decl., ¶¶ 6-8.)

Likewise, the claims asserted in *Foster II*, *Foster III*, and *Foster IV* all arise out of the transaction or occurrence giving rise to the claims made by plaintiff in *Foster I*. (See Rowe Decl., ¶¶ 6-8.)

1      Accordingly, defendant Specialty Risk Services requests that these four actions be treated
2 as related cases within the meaning of Local Rule of Court 3-12, so as to conserve judicial
3 resources and promote efficient determination of this action.

4      Relating the four cases is appropriate because it is likely that there would be an unduly
5 burdensome duplication of labor and expense as to the parties and the Court if the cases are not
6 deemed related. It would be more convenient for, and would preserve the resources of, the
7 parties and the Court to litigation *Foster II*, *Foster III*, and *Foster IV* before the Honorable
8 Marilyn Hall Patel, who is already familiar with the parties and facts of the case from *Foster I*.

9      For these reasons, SRS requests that the Court make a determination that *Foster I*, *Foster
10 II*, *Foster III*, and *Foster IV* are "related" within the meaning of the Local Rules of Court.

13 DATED: March 19, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Julia Molander
Dean J. McElroy
Lisa G. Rowe
Attorneys for Defendant
SPECIALTY RISK SERVICES