1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, State Bar 168181
2  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
3  Tel: 415.442.1000
   Fax: 415.442.1001
4  emeckley@morganlewis.com

5  Attorney for Defendants
   ARAMARK SPORTS, LLC (erroneously sued as
6  ARAMARK Sports and Entertainment), YING KEE
   McVICKER, and MATTHEW LEE
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 | MARK ANTOINE FOSTER, | Case No. C-08-00733 MHP |
|---|---|
12 | Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |
13 | vs. | |
14 | ARAMARK SPORTS & ENTERTAINMENT, Ying Kee McVicker, an individual, Matthew Lee, an individual, and DOES 1 Through 51, | Date: April 14, 2008<br>Time: 2 p.m.<br>Location: Courtroom 15, 18th Floor |
15 | | |
16 | Defendants. | Judge: Hon. Marilyn H. Patel |

1-SF/7680381.1                                    Case No. C-08-00733 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS AND PROCEDURAL HISTORY ................................................. 1

III. ARGUMENT ..................................................................................................................... 2

    A. A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28 U.S.C. Section 1441(b) .......................................................................... 2

    B. This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Because They Arise Out Of The Same Nucleus Of Operative Facts ................................................................................... 3

    C. Plaintiff May Not Avoid Federal Jurisdiction By Threatening to Dismiss His Federal Cause Of Action After Removal ........................................................ 4

    D. Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite .............................................................................................................. 6

        1. Plaintiff's ADA Claim Is Not An Element Of Any State Cause Of Action Pled In Plaintiff's First Amended Complaint ................................ 6

        2. No Issue Of Preemption Exists In The Present Case ................................ 6

        3. Federal Jurisdiction Is Not Based Upon Assertion Of An Affirmative Defense Based Upon Federal Law ........................................ 7

        4. Plaintiff's First Amended Complaint Could Have Been Brought Originally In Federal Court Pursuant To 28 U.S.C. Section 1331 ............. 7

IV. CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**CASES**                                                               **Page(s)**

*Carnegie-Mellon University v. Cohill*
   (1988) 484 U.S. 343 .................................................................................................................. 5

*Cassista v. Community Foods, Inc.*
   (1993) 5 Cal.4th 1050 ............................................................................................................... 4

*Caterpillar Inc. v. Williams*
   (1987) 482 U.S. 386 .................................................................................................................. 6

*Easton v. Crossland Mortgage Company*
   (9th Cir. 1997) 114 F.3d 979 .................................................................................................... 5

*Ford v. Sup. Ct. (Orton)*
   (1973) 34 Cal.App.3d 338 ........................................................................................................ 7

*Harrell v. 20th Century Ins. Co.*
   (9th Cir. 1991) 934 F.2d 203 .................................................................................................... 5

*Hermanson v. Salomon Smith Barney*
   (S.D. Cal. 2003) 266 F.Supp.2d 1208 ...................................................................................... 3

*Karambelas v. Hughes Aircraft*
   (9th Cir. 1993) 992 F.2d 971 .................................................................................................... 3

*Mackey v. Pioneer Nat. Bank*
   (9th Cir. 1989) 867 F.2d 520 .................................................................................................... 5

*Merrell Dow Pharmaceuticals Inc. v. Thompson*
   (6th Cir. 1985) 766 F.2d 1006 .................................................................................................. 6

*Sparta Surgical Corp. v. NASD*
   (9th Cir. 1998) 159 F.3d 1209 ............................................................................................. 2, 5

*Stender v. Lucky Stores*
   (N.D. Cal. 1991) 766 F. Supp. 830 .......................................................................................... 5

*Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape and Maint., Inc.*
   (9th Cir.) 333 F.3d 923 ............................................................................................................. 3

*Wayne v. DHL Worldwide Express*
   (9th Cir. 2002) 294 F.3d 1179 .................................................................................................. 6

*Weaver v. Florida Power & Light Co.*
   (11th Cir. 1999) 172 F.3d 771 .................................................................................................. 3

**STATUTES**

28 U.S.C. § 1367(a) ........................................................................................................................ 3

28 U.S.C. §1367(c)(1) .................................................................................................................... 4

## I. INTRODUCTION

On January 23, 2008, Plaintiff Mark Antoine Foster ("Plaintiff") filed an Amended Complaint in San Francisco County Superior Court which included a claim for alleged violated of the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 12101 et seq. On January 31, 2008, Defendants ARAMARK Sports, LLC, Ying Kee McVicker, and Matthew Lee ("Defendants") timely and properly removed this action to federal court based on federal question jurisdiction.

Plaintiff now seeks to have this Court remand this matter to state court, arguing that his ADA claim does not present a federal question upon which removal may be based. Plaintiff's arguments in support of remand are without merit. Plaintiff plead a federal claim under the ADA. The cases cited by Plaintiff in support of his motion are factually distinguishable and inapplicable to the present case. Plaintiff's motion to remand should be denied.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

On or about March 9, 2007, Plaintiff commenced this action in the Superior Court of the State of California in and for the County of San Francisco, entitled *Mark Antoine Foster v. ARAMARK, Inc, Ying Kee McVicker, Matthew Lee, and Does 1-51*, Case No. CGC-07-461178, alleging causes of action for: (1) constructive discharge; (2) retaliation; (3) failure to prevent discrimination and harassment; (4) harassment and discrimination based on sex; and (5) intentional infliction of emotional distress, all under California law.

On January 23, 2008, Plaintiff filed an Amended Complaint (the "Complaint"), which included additional claims for violation of the Americans with Disabilities Act ("ADA"), the California Fair Employment and Housing Act ("FEHA"), and the Unruh Civil Rights Act. On January 25, 2008, Defendants' counsel received a file-endorsed copy of Plaintiff's Amended Complaint, which included the federal claim under the Americans with Disabilities Act, 42 U.S.C. Sections 12101 et seq.

On January 31, 2008, Defendants removed this action to the United States District Court, Northern District of California, pursuant to 28 U.S.C. Section 1441(b), based upon Plaintiff's federal ADA claim and federal question jurisdiction.

1  On February 15, 2008, Plaintiff filed a motion to remand, as well as a concurrent motion to sever claims. For reasons unclear to Defendants, Plaintiff filed the same motions to remand and sever claims on February 26, 2008.

## III. ARGUMENT

Plaintiff makes the following arguments in support of his motion to remand: (1) the presence of Plaintiff's underlying federal issue does not create federal question jurisdiction over a well-pleaded state law claim; (2) Plaintiff is the "master of his complaint" and may avoid federal jurisdiction by exclusive reliance on state law; (3) Plaintiff's federal ADA claim does not convert his state law claim into a federal cause of action because the federal statute is not a necessary element of the state claim, thus no preemption exists; (4) Plaintiff's Complaint does not state a claim arising under federal law for the purpose of federal question jurisdiction; (5) the existence of a defense based upon federal law is insufficient to support federal question jurisdiction; and (6) Plaintiff could not have initially brought this case to federal court based on his original Complaint.

As described below, these arguments are unfounded and inapplicable in the present case.

### A. A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28 U.S.C. Section 1441(b)

Plaintiff's contentions that his federal ADA claim does not give rise to a substantial federal question and that he does not seek remedy under federal law are unsupported by the actual plain language of his Complaint. Memo P&A 9:12; 11:4-8. Plaintiff's sixth claim is predicated entirely upon Defendants' alleged violation of the federal Americans with Disabilities Acts, 42 U.S.C. Sections 12100-12111.[1]

To determine the existence of a federal question, courts look to the face of the complaint for allegations that render a cause of action one that "arises under federal law." *Sparta Surgical Corp. v. NASD* (9th Cir. 1998) 159 F.3d 1209, 1211. Plaintiff's sixth claim - entitled "Violation of Americans With Disabilities Act, 42 U.S.C.A. 12100-12111" - alleges that "defendants subject

---

[1] Moreover, in his concurrently filed motion to sever, Plaintiff apparently acknowledges that his ADA claim does, in fact, involve a federal question. Memo P&A 8:15.

[sic] him to disability discrimination, violating the ADA, due to defendants failing to reasonably accommodate to his mental disability." Complaint 15:19-22. Clearly, Plaintiff has predicated his sixth claim solely upon Defendant's violation of federal law. Consequently, the Complaint raises a claim that is "necessarily federal in character," and one where the "right to relief depends on the resolution of a substantial, disputed federal question." *See Hermanson v. Salomon Smith Barney* (S.D. Cal. 2003) 266 F.Supp.2d 1208, 1211; *see also Weaver v. Florida Power & Light Co.* (11th Cir. 1999) 172 F.3d 771 (holding that "because [Plaintiff's] complaint was based in part on the federal Americans with Disabilities Act, the lawsuit raised a federal question and removal pursuant to 28 U.S.C. Section 1441 was therefore proper").

Plaintiff relies on *Karambelas v. Hughes Aircraft* (9th Cir. 1993) 992 F.2d 971, 974, quoting the following language from that case: "[A defendant] cannot merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." In *Karembalas*, however, the plaintiff's complaint for wrongful termination did not plead a federal cause of action, which is why the court reached the conclusion that removal was improper. The holding of *Karembalas* is inapposite to the present case, because Plaintiff's sixth claim specifically pleads a federal ADA claim under 42 U.S.C. Sections 12100-12111.

**B.  This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Because They Arise Out Of The Same Nucleus Of Operative Facts**

A district court has discretion to exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). State claims are considered part of the same case or controversy if "there is a substantial federal claim arising out of a common nucleus of operative fact." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape and Maint., Inc.* (9th Cir.) 333 F.3d 923, 925.

Here, *all* of Plaintiff's claims stem from the same basic set of operate facts. Plaintiff's federal ADA claim, and all of the remaining seven state causes of action, involve his brief employment with and termination from his former employer ARAMARK Sports, LLC

("ARAMARK")  The alleged series of events upon which the claims in this lawsuit are based all took place within the same four month period – from February to June 2006.  Plaintiff's state law claims are based upon his contention that his employer constructively discharged him.  Specifically, in March 2006, Plaintiff took a leave of absence allegedly due to stress caused by the individual defendant's allegedly unlawful conduct towards him.  Plaintiff claimed he could not return from this leave of absence and was constructively discharged.  It is this leave of absence, and Defendant ARAMARK's decision to terminate Plaintiff's employment when he failed to return from the leave of absence, which form the basis for Plaintiff's federal ADA claim.  Complaint 17:22-25.  All eight of Plaintiff's claims arise out this same narrow set of facts.  In fact Plaintiff uses – verbatim – *the identical set of facts* to plead his sixth claim regarding Defendants' alleged violation of the ADA and his seventh and eighth state claims for Defendants' alleged violations of state law based on Plaintiff's alleged disability.  Complaint 19-23.

Plaintiff's claims do not involve "a novel or complex issue of State law."  28 U.S.C. §1367(c)(1).  California and federal civil rights laws consider many of the same factors in determining whether an individual has been discriminated against based on disability.  *See Cassista v. Community Foods, Inc.* (1993) 5 Cal.4th 1050, 1063 (holding that EEOC regulations interpreting the ADA may be useful in interpreting the FEHA as many FEHA statutes are modeled on the ADA).

Accordingly, this Court should exercise supplemental jurisdiction over all of Plaintiff's claims because of the significant common nucleus of operative facts which exist between the substantial federal question raised by Plaintiff's federal ADA claim and Plaintiff's remaining state law claims.

C. **Plaintiff May Not Avoid Federal Jurisdiction By Threatening to Dismiss His Federal Cause Of Action After Removal**

Plaintiff alleges that he can "easily sever or dismiss his ADA claim and seek remedy under FEHA or the Unruh for the disability discrimination violation."  Memo of P&A 10:4-5.

First, Defendants address Plaintiff's separate Motion to Sever in a separate, concurrently filed opposition.  Severance of his ADA would be entirely inappropriate for the reasons stated

1 | therein.

2 | Second, Plaintiff has not filed a notice of dismissal of his federal ADA claim.

3 | Third, Plaintiff may not avoid federal jurisdiction simply by dismissing his ADA claim. A federal court has "the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.* (9th Cir. 1991) 934 F.2d 203, 205; *see also, Sparta* (9th Cir. 1998)159 F.3d 1209, 1213 (holding that the district court properly denied the motion to remand made soon after removal, although plaintiff amended complaint to delete references to federal claim). A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta*, 159 F.3d at 1213; *cf. Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343, 357 (stating that a district court can consider whether the plaintiff has engaged in manipulative tactics, such as manipulating the forum by deleting all federal-law claims from the complaint and requesting remand). Rather, jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. *Sparta*, 159 F.3d at 1213. It is "generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell* at 205; *see also, Mackey v. Pioneer Nat. Bank* (9th Cir. 1989) 867 F.2d 520, 523.

This litigation is properly in federal court based on Plaintiff's federal ADA claim, pled in Plaintiff's Complaint prior to removal. *See Stender v. Lucky* Stores (N.D. Cal. 1991) 766 F. Supp. 830, 833 (stating that if plaintiffs bring combined state and federal civil rights claims in state court, the defendant may remove to federal court based upon federal question jurisdiction). If Plaintiff had wanted to avoid federal jurisdiction, he should not have included a federal Americans with Disabilities Act claim in his Complaint.

While Plaintiff states that he is "the master of his complaint and may avoid federal jurisdiction by exclusive reliance on state law," Plaintiff cites as authority for this proposition *Easton v. Crossland Mortgage Company* (9th Cir. 1997) 114 F.3d 979, a case with facts unrelated to the present case. In *Easton*, the plaintiff had merely made reference to a federal claim in his Complaint, without pleading a distinct federal claim, and it was upon this mere reference to a

federal claim that Defendant sought to remove the case to federal court based on federal question jurisdiction. In the present case, however, Plaintiff pled a separate cause of action based upon Defendants' alleged violation of the federal ADA.

While Plaintiff is correct that "the party who brings the suit is master to decide what law he will rely upon," here Plaintiff *chose to rely upon a federal statute* – the Americans with Disabilities Act – in seeking to hold Defendants liable. *Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 392.

### D.  **Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite**

#### 1.  **Plaintiff's ADA Claim Is Not An Element Of Any State Cause Of Action Pled In Plaintiff's First Amended Complaint**

Plaintiff alleges that his "ADA claim is an element of his state cause of action and therefore does not state a claim 'arising under the Constitution, laws, or treaties of the United States' within the meaning of 28 U.S.C. 1331." Memo P&A 12:16-18. Plaintiff cites as authority for this proposition *Merrell Dow Pharmaceuticals Inc. v. Thompson* (6th Cir. 1985) 766 F.2d 1006. Plaintiff has interpreted *Merrell* out of context. The plaintiff in *Merrell* referred to a federal cause of action – under the Food, Drug and Cosmetic Act ("FDCA") –as one available criterion for determining whether Merrell Dow was negligent. *Merrell* involved the question of whether removal was proper if the action alleged in part that the alleged FDCA violation constituted a rebuttable presumption of negligence. That situation is entirely different from the present case, in which Plaintiff has alleged a separate and independent federal law claim under which he seeks to hold Defendant liable and recover monetary damages.

#### 2.  **No Issue Of Preemption Exists In The Present Case**

Plaintiff contends that this Court does not have jurisdiction over this action because his "state law claim" (he does not identify the specific state law claim to which he is referring) is not preempted by federal law. Memo P&A 10:21-22. Plaintiff quotes *Wayne v. DHL Worldwide Express* (9th Cir. 2002) 294 F.3d 1179 to support this assertion. The *Wayne* case has no bearing here, because Defendants do not contend that Plaintiff's ADA claim in any way preempts any of

his state law causes of action. Rather, Plaintiff has pled a federal ADA claim which is sufficient to establish federal jurisdiction.

### 3. Federal Jurisdiction Is Not Based Upon Assertion Of An Affirmative Defense Based Upon Federal Law

Plaintiff contends that Defendants "are claming a federal defense of preemption as to imply that federal law prevents Plaintiff's claims from being prosecuted in states court, which in this case is a falsehood." Memo P&A 13:7-9. Defendants have not asserted any federal law defense as the basis for federal jurisdiction. The basis for the removal is Plaintiff's sixth claim, which alleges that Defendants violated the federal ADA. Preemption is not at issue.

### 4. Plaintiff's First Amended Complaint Could Have Been Brought Originally In Federal Court Pursuant To 28 U.S.C. Section 1331

Plaintiff contends that because his original complaint, filed in March 2007, did not plead a federal claim, the present case cannot be removed to federal court. None of these cases cited by Plaintiff supports his contention. Plaintiff filed an Amended Complaint on January 31, 2008, adding three new causes of action. Because Plaintiff made *substantive changes* to his original pleading, his Amended Complaint now supersedes his original Complaint. *See Ford v. Sup. Ct. (Orton)* (1973) 34 Cal.App.3d 338, 343  Therefore, it is not his original Complaint – which no longer has effect in this case – that is used to determine whether or not the present case could have originally been brought in federal court. Because his Amended Complaint contains a claim "arising under the laws of the United States," as discussed *supra,* the present action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331.

## IV. CONCLUSION

By pleading as a separate and independent claim that Defendants violated the federal Americans with Disabilities Act, 42 U.S.C. Sections 12101 et seq., Plaintiff alleged a claim "arising under the laws of the United States." The applicable case law supports this Court's exercising supplemental jurisdiction over Plaintiff's state law claims because they are so related to the ADA claim that they form part of the same controversy. Federal court jurisdiction is proper, and the Court should deny Plaintiff's motion to remand.

| | | |
|---|---|---|
| 1 | Dated: March 24, 2008 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By: _____/S/_____ |
| 4 | | Eric Meckley |
| 5 | | Attorneys for Defendant ARAMARK Sports, LLC, Ying Kee McVicker, and Matthew Lee |