MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar 168181
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
emeckley@morganlewis.com

Attorney for Defendants
ARAMARK SPORTS, LLC (erroneously sued as ARAMARK Sports and Entertainment), YING KEE McVICKER, and MATTHEW LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>            Plaintiff,<br><br>    vs.<br><br>ARAMARK SPORTS & ENTERTAINMENT, Ying Kee McVicker, an individual, Matthew Lee, an individual, and DOES 1 Through 51,<br><br>            Defendants. | Case No. C-08-00733 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SEVER CLAIMS**<br><br>Date:     April 14, 2008<br>Time:    2 p.m.<br>Place:    Courtroom 15<br>Judge: Hon. Marilyn H. Patel |

## I. INTRODUCTION

Defendants ARAMARK Sports, LLC, Ying Kee McVicker, and Matthew Lee ("Defendants") timely and properly removed this action to federal court based on federal question jurisdiction after Plaintiff Mark Antoine Foster ("Plaintiff") filed an Amended Complaint containing a claim alleging violation of the federal Americans with Disabilities Act ("ADA").

Plaintiff has filed two nearly identical motions arguing that the present action should be remanded to state court, or, in the alternative, that his federal ADA claim should be severed from the other claims in the case. Defendants have concurrently filed a separate opposition to Plaintiff's motion to remand. To the extent that Plaintiff's Motion to Sever contains arguments not included within his Motion to Remand, Defendants address those arguments herein. Defendants do not repeat the arguments set forth in their separately filed opposition to Plaintiff's remand motion.

Severance is improper in the present case, because Plaintiff's state and federal claims involve *the identical set of facts* involving the same alleged unlawful acts. As such, the Court should deny Plaintiff's request to sever his federal ADA claim.

## II. ARGUMENT

### A. Severance Of Plaintiff's Federal ADA Claim Is Improper Pursuant To Rule 21

Courts may sever claims under Rule 21 or separate them under Rule 42(b) only if it would avoid prejudice, further convenience, prevent unnecessary delay and costs, and uphold the policy of Rule 18 which provides litigants with great freedom in the joinder of claims. *Bolling v. Mississippi Paper Co.* (E.D. Miss. 1979) 86 F.R.D. 6, 8; *Weitort v. A.H. Bull & Co.* (E.D. Pa. 1961) 192 F. Supp. 165, 167; 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1689 (2d ed. 1986) ("Wright & Miller"). Moreover, "[c]ourt's order separate trials only when 'clearly necessary' . . . because 'a single trial will generally lessen the delay, expense, and inconvenience to the parties and the courts." *Corrigan v. Methodist Hospital* (E.D. Pa. 1995) 160 F.R.D. 55, 56; *see also* 9 Wright & Miller at § 2388 ("The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course."); *Elf Atochem North America, Inc. v. Libbey-Owens-*

1  *Ford Co., Inc.* (D. Del. 1995) 894 F. Supp. 844, 857 ("[C]ourts should endeavor to manage cases in such a way that all claims and issues in a civil action are presented for resolution in one trial.").

Generally, claims are severable only if "they are based upon an entirely different factual situation from that upon which the plaintiff's claims are based." *Levine v. Federal Deposit Ins. Corp.* (D. Conn. 1991) 136 F.R.D. 544, 550 (denying motion to sever under Rule 21 because the claims arose out of the same series of transactions). *See also Condosta v. Vermont Elec. Cooperative, Inc.* (D. Vt. 1975) 400 F. Supp. 358, 366 (denying unopposed motion to sever under Rule 21 because the claims arose "out of the same transaction or occurrence" and included "common issues of law and fact").

Here, Plaintiff has not presented the Court with any argument whatsoever as to why his federal ADA claim should proceed as a discrete, independent action. *McDaniel v. Anheuser-Busch, Inc.* (5th Cir. 1993 987 F.2d 218, 220 (a motion for severance under Rule 21 will result in two entirely independent actions with separate docket numbers and separate judgments). In fact, he makes no mention of the appropriate law regarding severance, and states only that he can "easily sever . . . his ADA claim and seek remedy under FEHA or the Unruh for disability discrimination violation." Memo P&A 11:9-10. As stated in Defendants' opposition to Plaintiff's remand motion, both his state and federal claims arise out of the identical, narrow set of facts. Plaintiff has failed to demonstrated why severance would be appropriate in this case.

## III. CONCLUSION

For the foregoing reasons, this Court should retain jurisdiction over Plaintiff's First Amended Complaint and deny Plaintiff's Motion to Remand and Sever.

Dated: March 24, 2008                    MORGAN, LEWIS & BOCKIUS LLP

By: _____/S/_____
Eric Meckley

Attorneys for Defendant
ARAMARK Sports, LLC, Ying Kee McVicker, and Matthew Lee