1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, California 94502
   (415) 756-1611
3  (619) 646-3564



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK SPORTS, and ENTERTAINMENT, Ying Kee McVicker an individual, Matthew Lee, an individual and DOES 1 Through 51<br>Defendants<br>_____/ | Case No. **C-08- 0733MHP**<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT OPPOSING DEFENDANT'S OPPOSITION; MEMO OF PTS & AUTHORITIES; DECLARATION OF MARK ANTOINE FOSTER IN SUPPORT THEREOF AND EXHIBITS 1 ATTACHED THERETO<br><br>Date: April 14, 2008<br>Time: 2:00 p.m. |

## I. Introduction

Plaintiff MARK ANTOINE FOSTER hereby submits his reply to Defendant's Opposition to his motion to remand the above titled action to state court.

### MEMORANDUM OF POINTS AND AUTHORITIES

### II. Rebuttal Argument

## A. Federal Question

**In response to Defendant's claim that substantial federal question does exist on the face of plaintiff's complaint;** Plaintiff does not contend that his claim does not present a federal question, although Plaintiff explained in his motion to remand and motion to sever, even though a federal question appears on the face of a complaint it does not necessarily covert his state complaint into a federal cause of action.

Plaintiff also explained in his motions to remand and motion to sever he does not need to depend on federal law for resolution regarding his claim of disability discrimination under the ADA because he can seek remedy solely under state law pursuant to FEHA or the Unruh, which he also made claims to in his complaint. Plaintiff can only receive remedy from one body of law.

" The court held in Hurn v. Oursler, 289 U.S. 238, that state law claims are appropriate for federal court determination if they form a separate but parallel ground for relief also sought in a substantial claim based on federal law. The Court distinguished permissible from nonpermissible exercises of federal judicial power over state law claims by contrasting " a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon non-federal ground; in the latter it may not do so upon the non-federal cause of action." 289 U.S., at 246. The question is which category the present action fell. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130.

" Upon principle, it is perfectly plain that the respondent [a seaman suing for an injury

1  sustained while working aboard ship] suffered but one actionable wrong and was entitled to but
2  one recovery, whether his injury to one or the other of several distinct acts of alleged negligence
3  or to a combination of some or all of them. In either view, there would be a single wrongful
4  invasion of a single primary right of plaintiff, namely, the right of bodily safety, whether the acts
5  constituting such invasion were one or many, simple or complex.

6  " A cause of action does not consist of facts, but of the unlawful violation of a right
7  which the facts show. The number and variety of the facts alleged do not establish more than one
8  cause of action so long as their result, whether they be considered severally or in combination, is
9  the violation of but one right by a single wrong. The mere multiplication of grounds of
10 negligence alleged as causing the same injury does not result in multiplying the causes of action.
11 'The facts are merely the means, and not the end. They do not constitute the cause of action, but
12 they show its existence by making the wrong appear." Id., at 321. Gibbs citing Hurn opinion.

13 Plaintiff claimed disability discrimination pursuant to FEHA, the Unruh and the ADA,
14 but can only claim one single wrong for the injury; it does not result in multiplying the causes of
15 action. The facts are merely the means, and not the end. They do not constitute the cause of
16 action, but they show its existence by making the wrong appear.

17 " A violation of a federal statute as an element of a state cause of action when congress
18 has determined that there should be no private, federal cause of action for the violation, does not
19 state claim "arising under the constitution, laws, or treaties of the United States" with the
20 meaning of 28 U.S.C 1331. Merrell Dow Pharmaceaticals.

21 To mention, Plaintiff is in Pro Per and inadvertently stated the ADA claim. Plaintiff
22 reiterates and states that if he had known the Defendants would remove the case because of the
23 ADA claim he would have only made reference to the ADA to help sustain his disability claim
24

25 PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT 3
   OPPOSING DEFENDANT'S OPPOSITION
                                                                                    C- 08-0733 MHP

under FEHA. Plaintiff would have also included a clause stating he was not making a ADA claim to avoid confusion. Plaintiff has worked hard and diligently in bringing the truth of this case to light in state court and alleges it would be unfair to him as a litigant to deprive him of his right to seek remedy in state court. Plaintiff alleges that the Defendants seized on the opportunity to remove the case when they realized Plaintiff had created and implemented an effective discovery plan that would expose or did expose the truth; as it can be proven that Defendants are guilty of the acts Plaintiff alleges they committed. Plaintiff understands now why Defendants were so eager to stipulate to his motion for leave to amend his complaint to include the ADA claim, which they proactively offered to stipulate the motion.

### 1. Plaintiff's motion to sever was meant to dismiss ADA claim.

In Plaintiff's motion to sever, Plaintiff misinterpreted the law thinking severing a claim meant dismissing a claim altogether. Plaintiff meant to totally dismiss his ADA claim.

Therefore, Plaintiff has filed a motion to dismiss his ADA claim. A true and correct copy of the motion to dismiss his ADA claim, with the accompanying attachments, is attached hereto as Exhibit 1.

### B. Pendent/Supplemental Jurisdiction

**In response to Defendant's claim that the court should exercise supplemental jurisdiction over his remaining state law claims because they arise out of the same nucleus of operative facts is groundless;** because for this theory to work, Plaintiff's ADA claim must have substance sufficient to confer subject matter jurisdiction, which is does not. Plaintiff's ADA claim is not sufficiently substantial to support the exercise of federal jurisdiction because resolution for the disability discrimination is not dependent on any interpretation of federal law regarding disability discrimination, because resolution of the disability discrimination is

1 available under FEHA for Plaintiff. In other words, Plaintiff's state law claims do not turn or
2 don't need to turn to substantial questions of federal law for resolution of this case. The district
3 court jurisdiction is not mandatory, and no special circumstance exists that warrants the district
4 court's participation.
5 (see Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing) which states "
6 Federal- question jurisdiction is usually invoked by plaintiff's pleading a cause of action created
7 by federal law, but this court has also long recognized that such jurisdiction will lie over some
8 state-law claims that implicate significant federal issues, see e.g. Smith v. Kansas City Title and
9 Trust C., 255 U.S. 180. Such federal jurisdiction demands not only a contested issue, but a
10 substantial one.
11     Plaintiff's ADA claim is not a significant federal issue that has to be addressed by the
12 district court, because discrimination under FEHA was founded or created from the ADA's laws
13 regarding disability discrimination, and the purpose of its creation was to give claimants the
14 opportunity to seek resolution for disability discrimination from the state. Therefore, this case
15 does not warrant federal jurisdiction as it did in Grable & Sons v. Darue.
16     Furthermore, pursuant to 28 U.S.C.S. 1367(c), the district court may decline to exercise
17 supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or
18 complex issue of state law, (2) the claim substantially predominates over the claim or claims
19 over which the district court has original jurisdiction, (3) the district court has dismissed all
20 claims over which it had original jurisdiction, or (4) in exceptional circumstances, there are other
21 compelling reasons for declining jurisdiction.
22     In United Mine Workers v. Gibbs, broadly authorized the federal courts to assert
23 jurisdiction over state law claims when "[t]he state and federal claims ..derive from a common

nucleus of operative fact", the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding," *and the federal issues are "substantial* []. "Id. At 725, 86 S.Ct. at 1138. These *three* factors confer power on the federal courts under Article III to hear the entire "constitutional" case. See id. The court added critically, however, that: [such] power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendant jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants.

Id. At 726, 86 S. Ct. at 1139 (footnote omitted) Applying this Standard, the Court listed several situations in which declining pendent jurisdiction would be appropriate: (1) when "[n]eedless decisions of state law should be avoided", when the federal claims are dimissed before trail, or during the course of a case, when it appears "that a state law claim constitutes the real body of a case, to which the federal claim is only an appendage; (3) when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought" and finally (4) when there are reasons" independent of jurisdictional considerations; such as the likelihood of jury confusion in treating divergent legal theories of relief." Id at 726 27, 86 S. Ct. at 1139.

**2. Plaintiff's claim substantially predominates over the claim or claims over which the district court has original jurisdiction, which satisfies requirement number (3) of the Gibbs's test of several reasons the district court can decline pendant jurisdiction.**

Plaintiff stated in his motion to sever, on page 8, lines 17 through 19, "Plaintiff's claims or causes of action are only questions of state law, and Plaintiff need not rely on federal law for remedy for Defendants' disability discrimination violation", as he can seek remedy under FEHA or the Unruh.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT OPPOSING DEFENDANT'S OPPOSTION

C- 08-0733 MHP

"The presence of underlying federal issue does not create federal questions jurisdictions over a well pleaded state law claims" Hall v. North American Van Lines Inc., 476 F. 3d 683.

Plaintiff's complaint includes a Federal question, but it is clear and common sense that the state law causes of action predominate, especially in light of the fact that Plaintiff has moved to dismiss his ADA claim pursuant to Rule 41(a)(2), and the court may decline to exercise supplemental jurisdiction pursuant to 28 U.S.CA. 1367(c)

Plaintiff's ADA claim would not have existed if the acts of retaliation, harassment and constructive discharge claimed under FEHA had not taken place first, as they were a prerequisite to the disability discrimination in this particular case. Therefore, Plaintiff's state causes of action predominate over the ADA claim, especially in light of the fact that Plaintiff alleged the same acts of disability discrimination under FEHA and the Unruh, and can seek or desires to seek remedy under these state bodies of law.

**3. The district court has the authority and Plaintiff has the right to dismiss his ADA claim.**

"Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Simarily, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." United Mine Workers v. Gibbs, also see Note, supra note 11, at 1025-1026; Wham-O-Mfg. Co. v Paradise Mfg. Co. 327 F. 2d 748, 752-754 (c>A> 9th Cir 1964).

"Plaintiff is master of his complaint and if he can maintain his claims on both state and federal grounds, he may ignore the federal question, assert only state claims, and defeat

1 | removal." Duncan v. Stuetzle 76 F. 3d 1480, 1495 (9th Cir 1996).

2 | "Plaintiff is master of his complaint and may avoid Federal Jurisdiction by exclusive
3 | reliance on state law"

4 | Plaintiff has moved to dismiss his ADA claim and relies exclusively on state law.

5 | **4. Even though Plaintiff's motion to dismiss is on calendar to be heard on May 12,**
6 | **2008, the court has the discretion to rule on the matter early in the interest of justice, to**
7 | **save the courts resources of time and money, also because:**

8 | Pursuant to 28 U.S.C.S. 1447(c), If at any time before final judgment it appears that the
9 | district court lacks subject matter jurisdiction the case shall be remanded.

10 | **5. Plaintiff's ADA claim is only an appendage to his state law claims; which satisfies**
11 | **requirement number (2) of the Gibbs's test of several reasons the district court can decline**
12 | **pendant jurisdiction.**

13 | Appendage is defined as: something added as an accessory to or the substantial part of
14 | another thing. See American Cannel Coal Co. Indiana Cotton Mills 78 Ind. App 115, 134 N.E.
15 | 891, 893.

16 | Plaintiff added the ADA claim but did not need to too acquire remedy, as it is just an
17 | accessory or a subordinate part of the disability discrimination to help explain the validity of it.

18 | **6. Plaintiff's state law issues substantially predominate both on terms of proof of the**
19 | **scope of the issues raised and the comprehensiveness of the remedy sought which also**
20 | **satisfies number (3) of the Gibb's test.**

21 | Plaintiff alleges that it is clear both in terms of proof of the scope of the issues raised and
22 | the comprehensiveness remedy sought that his state law issues predominate. For example, (1) it
23 | is clear that the issues raised are issues of state law, (2) it is clearly understood that plaintiff

1  seeks remedy solely under state law.

2  **7. Even if Plaintiff's ADA claim was not dismissed the court could still decline to**

3  **take the case from state court; as this may be a compelling reason for declining jurisdiction**

4  **satisfying Gibb's (4) reason to decline jurisdiction.**

5  People of the State of California v. H&R Block, United States District Court For the

6  Northern District of California, Case no. C06-2058 SC. [T]he presence of a disputed issue and

7  the ostensible importance of a federal forum are never necessarily dispositive; there must always

8  be an assessment of any disruptive portent in[14] exercising federal jurisdiction. " Grable, 125 S.

9  CT. at2368. In this case brought by the state of California in a California state court to enforce

10 California laws for conduct which occurred in California and which allegedly victimized

11 California citizens, the "disruptive portent" is stark. Id.; see Franchise Tax Board, 103 S. Ct at

12 2853, n 22; State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 189, 22 S. Ct. 47, 46

13 L. Ed 144 (1901); Barry Friedman, under the law of Federal Jurisdiction; Allocating Cases

14 Between Federal and State Claims, 104 Colum, L. Rev 1211, 1242 (2004) ( "A sovereign's

15 interest in enforcement encompasses defining the laws or rules that govern society, seeing that

16 those laws and rules are obeyed, and punishing those who transgress them.

17 This enforcement interest is a quintessential aspect of sovereignty…The principle that a

18 state's enforcement interest may justify litigation in state court encounters virtual no dissent.

### III. Conclusion

Based on the forgoing, Plaintiff respectfully requests that Defendant's Opposition to his

Motion to Remand should be overruled, and the case should be remanded to state court.

Date: April 2, 2008

Mark Antoine Foster, In Pro Per

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT
OPPOSING DEFENDANT'S OPPOSTION

C- 08-0733 MHP